Plaintiff-appellant, Daniel Bowman, appeals from a decision of the Warren County Common Pleas Court, Domestic Relations Division, which denied his motion to vacate an order related to his divorce from defendant-appellee, Ruby Bowman (Dixon). We affirm.
The parties were married on March 6, 1946, and had six children, all emancipated at the time of their 1989 divorce. The parties, represented by counsel, entered into a settlement agreement concerning their marital property. The trial court held a hearing on March 17, 1989, and found that "the parties division of marital property and allocation of marital debts agreement is equitable." The agreement was therefore made the order of the court.
The court ordered the real estate sold and the proceeds divided equally. The order then noted that appellant was to collect Social Security benefits, and that due to her employment history appellee would be unable to collect any benefits until 1990, and then only as appellant's spouse. Appellee was therefore awarded:
 a right to receive 50 percent of the Social Security benefits payable to [appellant) until she is able to draw as his spouse either directly from Social Security or by payment from [appellant]. At that time, [appellee] shall have a right to draw as the spouse of [appellant] and shall further have a right to draw either directly from Social Security or by payment from plaintiff that amount which will equalize the monthly Social Security payments of the parties.
(Emphasis sic.) This order incorporating the parties' settlement agreement was not appealed.
On February 5, 1990, appellant moved the court "to terminate the Alimony Order contained in [the divorce decree]." Appellant contended that there had been a change of circumstances because appellee had remarried. Following a hearing, the trial court found that the above quoted paragraph of the parties' divorce decree "does not award sustenance alimony and, further, makes no reservation of jurisdiction with respect to the matter." The court found that the paragraph constituted a "provision for division of marital property and is clear on its face." The court therefore found that appellant's obligation to make payments to appellee continued even after her remarriage. No appeal was taken of this March 8, 1990 order.
On September 30, 1997, appellant moved the court to vacate "the order relating to that part of the divorce decree * * * awarding [appellee] one-half of [appellant's] social security benefits." Following a hearing, the magistrate determined that the trial court did have jurisdiction to make a division of Social Security benefits as part of an overall consideration and allocation of property rights. The motion to vacate was therefore denied. Appellant filed objections to the magistrate's decision which were overruled. The trial court found that appellant was estopped from asserting his jurisdictional argument. The court noted that although the court could not order Social Security benefits divided, the parties nonetheless agreed that appellant would make payments to appellee from his benefits. The court found that as neither the original divorce decree nor the 1990 order had been appealed, appellant cannot now litigate the jurisdictional issue.
Appellant has not specified an assignment of error, but argues that the trial court did not have jurisdiction to order a division of Social Security benefits as a division of marital property. He contends that the order to divide Social Security benefits was thus void ab initio and that his motion to vacate should therefore have been granted. We will consider this argument as an assignment of error for purposes of this appeal. Appellant did not invoke a particular procedural rule in his motion to vacate. Appellant's motion was not based on a change of circumstances, but rather constituted an attempt to modify the original decree on the ground that it was defective from its inception. Therefore, we analyze it pursuant to the principles applicable to Rule 60 (B).[1] See Osborne v. Osborne
(1992), 81 Ohio App.3d 666 (trial court possesses discretion to treat a modification motion as a Civ.R. 60[B] motion for relief from judgment.)
To prevail on a motion brought under Civ.R. 60(B), appellant must demonstrate that (1) he has a meritorious defense or claim to present to the court if relief is granted, (2) he is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1)-(5), and (3) the motion for relief from judgment is made within a reasonable time, and, where the grounds of relief are subdivision B(1), (2), or (3), not more than one year after judgment. GTE Automatic Electric, Inc. v. ARC Industries, Inc.
(1976), 47 Ohio St.2d 146, paragraph two of the syllabus. If any one of the three requirements is not met, the motion should be denied. Id. at 151. Further, a Civ.R. 60(B) motion is addressed within the sound discretion of the trial court, and the court's ruling will not be disturbed by a reviewing court absent a showing of abuse of discretion. Griffey v. Rajan
(1987), 33 Ohio St.3d 75, 77. An abuse of discretion involves more than an error of judgment by the trial court; it con-notes an attitude that is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
This motion was brought more than eight years after the order it seeks to vacate or modify was entered. Thus, it could only be brought pursuant to Civ.R. 60(B)(4) or (5). Civ.R. 60(B) provides "a means whereby, within strict limitations and under certain conditions, the consequences of res judicata may be avoided in the interest of justice." Garrett v. Garrett (1977),54 Ohio App.2d 25, 28. For a change in circumstances that results in an inequitable burden to be a basis for a Civ.R. 60(B)(4) motion, the circumstances must have been unforeseeable at the time of entry of the judgment. Knapp v. Knapp (1986),24 Ohio St.3d 141, 146. The grounds for invoking Civ.R. 60(B)(5) must be substantial, Caruso-Ciresi, Inc. v. Lohman (1983),5 Ohio St.3d 64, and relief is generally to be granted only in unusual or extraordinary circumstances. Zollett v. Nittskoff
(Apr. 1, 1983), Cuyahoga App. No. 45336, unreported.
With these principles in mind we must determine whether the trial court abused its discretion in denying the motion to vacate. The question is somewhat close as appellant does have an otherwise meritorious claim. However, the circumstances were clearly not unforeseeable, and under the applicable legal standards they are not sufficiently extraordinary or unusual to warrant setting aside the order which incorporated the parties' agreement.
In divorce actions, the parties can reach a settlement agreement as to the issues in lieu of litigating them before the domestic relations court. Walther v. Walther (1995),102 Ohio App.3d 378, 382. When parties enter into a settlement agreement in the presence of the court, such an agreement constitutes a binding contract. Id. at 383. So long as the court is satisfied that the settlement agreement reached by the parties was not procured by fraud, duress, overreaching or undue influence, the court has the discretion to accept it. Holdings which deny authority to modify decrees untainted by fraud or undue influence implement the "salutary doctrine that parties ought not to be permitted to litigate identical issues more than once, that litigation ought not to be interminable, and that the judgment ought to be the end of the litigation."Womelsdorf v. Reichert (Feb. 14, 1996), Hamilton App. No. C-950224, unreported.
The parties agreed to divide appellant's Social Security benefits. State courts are prohibited from dividing Social Security benefits, which are allocated according to federal statute. Hisquierdo v Hisquierdo (1979), 439 U.S. 572,99 S.Ct. 802. Nonetheless, while Social Security benefits are not true marital assets and are not "subject to direct division" they are "subject to evaluation and consideration in making an equitable distribution of both parties' marital assets." Hoytv. Hoyt (1990), 53 Ohio St.3d 177, 180, Eickelberger v.Eickelberger (1994), 93 Ohio App.3d 221, 227-8.
The disputed provision of this settlement agreement was part of an overall property division. In Wolfe v. Wolfe (1976),46 Ohio St.2d 399, 411, the Ohio Supreme Court noted that "most awards of property incident to a final divorce are a readjustment of the party's property rights and whether in the judgment such adjustment is called 'alimony' or 'division of property' has not been considered important." The court held that even if based on an agreement of the parties, an alimony award for support only which was independent of any property division could be modified by the court. The court further held, however, that a decree was not subject to modification if "the alimony award is not solely for support but is in settlement of the property rights of the parties." Id. at 418. An award based on the agreement of the parties and intended for a property division is not subject to modification. Id.
The trial court's 1990 order determined that the parties' agreement concerning appellant's duty to pay appellee a sum from his Social Security benefits was in settlement of property rights. Appellant did not appeal that order and it is nowres judicata. The trial court clearly had jurisdiction over the parties and this divorce, and although it did not have the authority to order a direct division of social security benefits, it approved the parties' agreement that provided for such a division. The analysis of Second District Court of Appeals in Sturgill v. Sturgill (1989), 61 Ohio App.3d 94, is instructive:
 When a court has jurisdiction to decide an issue, it has the power to decide wrongly as well as rightly. Even if its decision in favor of its jurisdiction is erroneous, it is valid. It may be reversed on appeal, but if an appeal is not taken, the decision stands, and is binding. * * * Since the trial court has jurisdiction to decide its own jurisdiction, its decision is not void but is, on the contrary, res judicata, unless policies of res judicata indicate otherwise.
Appellant has shown no unforeseen circumstances making his agreement prospectively inequitable[2] and has only shown that the agreement could not have been directly ordered by the court, not that the court had no jurisdiction to approve the agreement. The circumstances, though somewhat unusual, are not sufficiently extraordinary to require relief. Appellant did not meet the second prong of the GTE test.
Appellant also did not meet the third prong of the Civ.R. 60(B) test, i.e., that the motion must be made within a reasonable time. Although no per se rule can be established, we agree with the trial court that this motion, made over eight years after the decree, was not made in a timely manner. The Ohio Supreme Court has twice declared that:
 finality requires that there be some end to every lawsuit, thus producing certainty in the law and public confidence in the system's ability to resolve disputes. Perfection requires that every case be litigated until a perfect result is achieved. For obvious reasons, courts have typically placed finality above perfection in the hierarchy of values.
Strack v. Pelton (1994), 70 Ohio St.3d 172, 175 (citing Knappv. Knapp [1986], 24 Ohio St.3d 141, 144).
Although a direct appeal on this issue may well have merited a different result, we cannot say that the trial court's decision was unreasonable, arbitrary, or unconscionable, and thus, we find that the trial court did not abuse its discretion in denying appellant's motion to vacate. The assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and KOEHLER, J., concur.
[1] Civ.R. 60(B) states:
 On motion and upon such terms as are just a court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
* * *
 (4) the judgment has been satisfied, released, reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.
[2] Appellant testified that he now receives $900 per month in social security benefits and pays appellee $173 per month. Appellee testified that she receives $409 in social security benefits.