DAHL, APPELLEE AND CROSS-APPELLANT, *v.* KELLING, APPELLANT AND CROSS-APPELLEE.

(No. 4012—Decided December 24, 1986.)

*Michael F. Becker,* for appellee and cross-appellant.

*Darrel A. Bilancini,* for appellant and cross-appellee.

QUILLIN, J. Defendant appeals an order by which, pursuant to its purported inherent power, the trial court vacated its judgment entry granting defendant's motion for summary judgment. We reverse.

Plaintiff, Donovan Dahl ("Dahl"), brought an action against his dentist, defendant-appellant Albert G. Kelling, D.D.S. ("Kelling"). On August 15, 1985, the trial court granted Kelling's motion for summary judgment on the basis that the statute of limitations had run. On August 20, 1985, Dahl filed a "Motion for Reconsideration." The trial court held a hearing on the motion and both parties submitted additional briefs.

On December 20, 1985, Dahl filed a motion to deem his motion for reconsideration as a motion for a new trial, or in the alternative, as a motion to vacate judgment. On February 27, 1986, the trial court ruled, in part:

"In view of this court's error in interpreting the law, the court under its inherent power to do so hereby vacates the August 15, 1985 judgment entry in which it granted defendant's motion for summary judgment, and defendant's motion for judgment on the pleadings is overruled."

Kelling appeals.

### Assignment of Error

"The trial court erred as a matter of law in vacating on February 27, 1986 by means of its inherent power, the final order of August 15, 1985 which granted summary judgment to the defendant."

Prior to the enactment of the Ohio Rules of Civil Procedure, it was an accepted common-law doctrine that a court, during the same term, had inherent power, in the exercise of sound discretion, to vacate its own judgment. *McCue* v. *Insurance Co.* (1979), 61 Ohio App. 2d 101, 104, 15 O.O. 3d 103, 105, 399 N.E. 2d 127, 129. However, this broad power has been rendered inapplicable by the Ohio Civil Rules. *Id.* Civ. R. 60 provides the procedure to be followed and the grounds which must be present in order to vacate a judgment. *Id.; Sperry* v. *Hlutke* (1984), 19 Ohio App. 3d 156, 19 OBR 246, 483 N.E. 2d 870; *Cale Products, Inc.* v. *Orrville Bronze & Alum. Co.* (1982), 8 Ohio App. 3d 375, 8 OBR 489, 457 N.E. 2d 854. Civ. R. 60(B) provides that "[t]he procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules." See, also, Staff Notes to Civ. R. 60(B).

This court ruled in *Ford Motor Credit Co.* v. *McMasters* (Aug. 15, 1979), Summit App. No. 9188, unreported, that, whether within term or not, the power of a court to alter its judgment must be consistent with the rules. After determining that there is no "motion for reconsideration" under the rules for trial court practice, this court then analyzed the motion under Civ. R. 60(B). Holding that the judgment of the trial court vacating its previous summary judgment was contrary to law, the court noted that neither a "motion for reconsideration" nor a motion under Civ. R. 60(B) is a substitute for a timely appeal. *Id.* at 6-7.

The application of the statute of limitations to the facts of the case, if erroneous, was judicial error of the sort normally remedied by direct appeal. See *Cale Products, supra,* at 379, 8 OBR at 492, 457 N.E. 2d at 858.

Kelling's assignment of error is sustained. (We are not here called upon to decide if a trial court retains inherent power to vacate its own judgment if appeal time has not yet expired.)

We now consider Dahl's cross-assignment of error.

### Dahl's First Cross-Assignment of Error

"The trial court erred by failing to construe the motion for reconsideration as a motion for new trial under Civil Rule 59(A)(7) and on that basis vacate the judgment entry of August 15, 1985."

The Ohio Rules of Civil Procedure do not provide for a motion for reconsideration after final judgment in the trial court, and the application for such a motion is a nullity. *Pitts* v. *Dept. of Transportation* (1981), 67 Ohio St. 2d 378, 21 O.O. 3d 238, 423 N.E. 2d 1105. Dahl sought to have the trial court treat his motion for reconsideration as a motion for a new trial under Civ. R. 59. A motion for a new trial does not properly lie from a summary judgment proceeding. *L.A. & D.* v. *Bd. of Lake Cty. Commrs.* (1981), 67 Ohio St. 2d 384, 387, 21 O.O. 3d 242, 243, 423 N.E. 2d 1109, 1111. Dahl's first cross-assignment of error is overruled.

### Dahl's Second Cross-Assignment of Error

"The trial court erred by failing to base its decision vacating its earlier judgment on the authority of appellee's motion for reconsideration, when deemed as a motion to vacate judgment (Civil Rule 60[B])."

In *Blasco* v. *Mislik* (1982), 69 Ohio St. 2d 684, 686, 23 O.O. 3d 551, 552, 433 N.E. 2d 612, 614, the Supreme Court held that "Rule 60(B) relief, however, is not available as a substitute for appeal * * * nor can the rule be used to circumvent or extend the time requirements for filing an appeal."

The second cross-assignment of error is overruled.

The judgment is reversed.

*Judgment reversed.*

MAHONEY, P. J., and BAIRD, J., concur.