OPINION
This appeal is taken from a final judgment of the Trumbull County Court of Common Pleas. Appellant, Clyde Bush, appeals from the trial court's denial of a Civ.R. 60(B) motion requesting relief from a previous judgment by which appellant's petition for postconviction relief was denied.
On February 21, 1990, appellant pled guilty to eight counts of rape in violation of R.C. 2907.02(A)(1)(b)(2), one count of attempted rape in violation of R.C. 2923.02(A) and2907.02(A)(1)(b)(2), and five counts of gross sexual imposition in violation of R.C. 2907.05(A)(3). The trial court sentenced appellant to life imprisonment on each rape count, ten to twenty-five years for the count of attempted rape, and two years for each count of gross sexual imposition. The sentences were to run concurrently.
Thereafter, on October 28, 1991, appellant filed a petition for postconviction relief pursuant to R.C. 2953.21 based on various allegations of constitutional violations in relation to the plea hearing that resulted in his guilty pleas. The trial court conducted an evidentiary hearing on the petition on June 29, 1993. Appellant attended the hearing and was represented by a public defender. At the close of the hearing, the trial court denied the petition for postconviction relief through a judgment entry filed on the same day. The trial court issued its findings of fact and conclusions of law at a later date.
Following the denial of this petition, appellant timely filed a notice of appeal of that denial with this court. We, however, subsequently dismissed the appeal sua sponte for failure to prosecute on December 3, 1993.
More than three years later, on January 6, 1997, appellant filed a motion requesting relief from this post-judgment ruling pursuant to Civ.R. 60(B)(1) and (5). Appellant posited that he was entitled to relief from the June 29, 1993 judgment denying his petition for postconviction relief on the basis that he was denied the effective assistance of counsel at the evidentiary hearing. The state responded by filing a motion to dismiss on the grounds that appellant was improperly seeking civil redress in a criminal action and that the Civ.R. 60(B) motion was not timely filed. On January 31, 1997, the trial court denied appellant's Civ.R. 60(B) motion on both grounds.
From this judgment, appellant timely filed an appeal with this court in which he asserts the following assignment of error:
 "It is plain error for a trial court to refuse to apply Ohio Rules of Civil Procedure — R. 60(b)(1),(5) [sic] — when the constitutionality of a prior postconviction hearing is raised for effective assistance of counsel."
In his lone assignment of error, appellant maintains that the trial court erred by failing to grant him the relief requested under Civ.R. 60(B). He essentially contends that the trial court committed reversible error by denying the motion without addressing the merits of his argument that he suffered from ineffective assistance of counsel at the June 29, 1993 hearing on the postconviction relief petition.
Appellant was seeking to vacate the trial court's post-judgment ruling that denied his petition for postconviction relief which had been filed pursuant to R.C. 2953.21. Under this statute, "an action for postconviction relief is a civil proceeding, in which the prosecuting attorney represents the state as a party." (Emphasis added.) State v. Milanovich (1975), 42 Ohio St.2d 46,49. Thus, the procedural framework governing such proceedings "is civil, not criminal, although by necessity postconviction relief proceedings admittedly have an impact on adjudicated felons."State v. Nichols (1984), 11 Ohio St.3d 40, 42-43.[1]
It is apparent, therefore, that the trial court could not have denied appellant's motion solely on the basis that it requested civil relief from a judgment handed down in a criminal proceeding. A Civ.R. 60(B) motion was a proper response to the June 29, 1993 judgment because it emanated from a civil proceeding.
The trial court, however, denied the motion for a second reason, to wit: the motion was not timely filed. Upon reviewing the record, we determine this to be a proper assessment. Civ.R. 60(B) enumerates various grounds upon which relief from final judgments and orders may be granted. It states in part:
 "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."
In order to prevail on a motion brought under Civ.R. 60(B), the moving party must demonstrate the following: (1) the movant has a meritorious defense or claim to present if relief is granted; (2) the movant is entitled to relief under one of the grounds stated in Civ.R. 60(B); and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order, or proceeding was entered or taken. GTE Automatic Electric v. ARCIndustries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. The moving party must satisfy all three prongs of the test in order to prevail. Argo Plastic Products Co. v. Cleveland
(1984), 15 Ohio St.3d 389, 391; Svoboda v. Brunswick (1983),6 Ohio St.3d 348, 351.
The grant or denial of a Civ.R. 60(B) motion rests within the sound discretion of the trial court. Griffey v. Rajan (1987),33 Ohio St.3d 75, 77. The trial court's ruling will not be disturbed on appeal absent an abuse of discretion. Id.; Moore v EmmanuelFamily Training Ctr. (1985), 18 Ohio St.3d 64, 66.
As referenced earlier, appellant predicated his motion in the trial court on Civ.R. 60(B)(1) and (5). Civ.R. 60(B) specifies that a motion under subdivision (1), (2), or (3) must be made "not more than one year after the judgment, order or proceeding was entered or taken." Moreover, even though Civ.R. 60(B)(5) is not constrained by the one-year time limitation, the motion still must be made within "a reasonable time."
The judgment denying appellant's postconviction relief petition was entered on June 29, 1993. Appellant did not file his Civ.R. 60(B) motion until January 6, 1997. Based on this, we conclude that appellant's request for relief under Civ.R. 60(B)(1) was properly denied by the trial court because it was not made within one year of the judgment. Furthermore, his motion for relief under the auspices of Civ.R. 60(B)(5) was properly denied because it was not made within a reasonable time. Appellant waited more than three years to file his Civ.R. 60(B) motion alleging that he was denied the effective assistance of counsel at the June 29, 1993 hearing on the postconviction relief petition. Under these circumstances, it can hardly be said that appellant filed his motion within a reasonable time. As a result, the trial court did not abuse its discretion by denying appellant's motion under either Civ.R. 60(B)(1) or (5).
In addition to the lack of timeliness in filing the motion, we would also note that Civ.R. 60(B) may not be used as a substitute for a direct appeal from the judgment being challenged. Blasco v.Mislik (1982), 69 Ohio St.2d 684, 686; Colley v. Bazell (1980),64 Ohio St.2d 243, 245; Dahl v. Kelling (1986), 34 Ohio App.3d 258,260. Appellant could have raised his claim of ineffective assistance of counsel in a direct appeal of the June 29, 1993 judgment denying the postconviction relief petition. As discussed above, appellant did file a timely notice of appeal from this judgment, but failed to prosecute the appeal, thereby resulting in a dismissal. Given these facts, we hold that by failing to prosecute his prior appeal in 1993, appellant is precluded from now invoking Civ.R. 60(B) as a substitute for that appeal.
For the foregoing reasons, appellant's sole assignment of error is without merit. Accordingly, the judgment of the trial court is affirmed.
JUDITH A. CHRISTLEY, JUDGE.
FORD, P.J., and NADER, J., concur.
[1] It is also worth noting that Ohio courts have entertained motions pursuant to Civ.R. 60(B) even in proceedings which were clearly criminal in nature. See, e.g., State v. Wells (March 30, 1993), Franklin App. No. 92AP-1462, unreported, at 2, 1993 WL 104858; State v. Billheimer (Dec. 3, 1992), Montgomery App. No. 13281, unreported, at 1-2, 1992 WL 380578;State v. Groves (Dec. 23, 1991), Warren App. No. CA91-02-014, at 2, 1991 WL 274317. The authority for doing so is found in Crim.R. 57(B). It provides: "If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists." (Emphasis added.)