Michael E. Young and Karen A. Young appeal the Highland County Court of Common Pleas' judgment granting the Spring Valley Sales Division of Stites Enterprises, Inc.'s ("SVSD") Civ.R. 60(B) motion for relief from judgment and ordering the Youngs to allow SVSD to remove a mobile home from their property. The Youngs assert that the trial court abused its discretion in granting SVSD's motion because SVSD's motion substantively constituted a motion for reconsideration, and because SVSD neither pled nor presented evidence that established its right to relief under Civ.R. 60(B). We disagree, because SVSD did not ask the trial court to reconsider its judgment, and because SVSD fulfilled the necessary requirements to establish relief under Civ.R. 60(B). Therefore, the trial court did not abuse its discretion in granting SVSD's Civ.R. 60(B) motion. Accordingly, we affirm the judgment of the trial court.
 I.
In November 1996, the Youngs filed an action against SVSD alleging that SVSD negligently installed a mobile home the Youngs purchased from SVSD, breaching the sales contract and causing the complete loss of the home. The Youngs requested the cost of the mobile home, $25,564, plus interest.
In April 1997, the Youngs filed for summary judgment, arguing that no genuine issue of material fact existed as to whether SVSD negligently installed the mobile home, breaching the sales contract. Further, the Youngs asserted that, as SVSD never fully installed the mobile home, SVSD could easily retrieve the home. Thus, the Youngs indicated that, in return for the purchase price, SVSD could retrieve the mobile home. The Youngs further urged that no genuine issue of material fact would remain in dispute if the trial court ordered SVSD to return the purchase price of the destroyed mobile home. SVSD did not respond to the motion. The trial court entered summary judgment in favor of the Youngs, finding no genuine issue of material fact regarding SVSD's liability or damages. SVSD satisfied the judgment in May 1998.
In July 1998, SVSD filed a motion styled as a Civ.R. 60(B) motion from relief from judgment. Pursuant to either Civ.R. 60(B)(1), (4), or (5), SVSD requested that the court amend its final judgment entry to order the Youngs to allow SVSD to retrieve the mobile home from their property at SVSD's expense. Otherwise, SVSD asserted that the Youngs would be unjustly enriched with damages and the mobile home.
Following a hearing, the trial court granted SVSD's Civ.R. 60(B) motion. The Youngs appeal the judgment of the trial court, asserting a sole assignment of error for our review:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT IN GRANTING DEFENDANT-APPELLEE'S CIVIL RULE 60(B) MOTION FOR RELIEF FROM JUDGMENT.
 II.
In their only assignment of error, the Youngs contend that the trial court abused its discretion by granting SVSD's Civ.R. 60(B) motion for relief from judgment. The Youngs argue that SVSD actually filed a motion for reconsideration because SVSD requested the court to revisit its summary judgment on the issue of damages. Further, the Youngs contend that SVSD failed to plead or present evidence to support the return of the mobile home under Civ.R. 60(B)(1), (4) or (5).
SVSD argues that it fulfilled the requirements of a Civ.R. 60(B) motion because it requested the trial court to amend its judgment entry to reflect either a mistake or an inequitable judgment. SVSD asserts that it does not challenge the grant of summary judgment, merely the unjust enrichment of the Youngs.
An appellate court will not reverse a trial court's ruling on a Civ.R. 60(B) motion absent an abuse of discretion.Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77; Moore v.Emmanuel Family Training Ctr. (1985), 18 Ohio St.3d 64, 66. An abuse of discretion involves more than an error in judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. Franklin Cty.Sheriff's Dept. v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 498,506; Wilmington Steel Products, Inc. v. Cleve. Elec.Illum. Co. (1991), 60 Ohio St.3d 120, 122. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. Inre Jane Doe 1 (1991), 57 Ohio St.3d 135, 138, citing Berk v.Matthews (1990), 53 Ohio St.3d 161, 169.
A Civ.R. 60(B) motion is the only proper vehicle for obtaining relief in the trial court after a final judgment because the Ohio Rules of Civil Procedure do not provide for motions for reconsideration of a final judgment. Dahl v.Kelling (1986), 34 Ohio App.3d 258. Antonopoulos v. Eisner
(1972), 30 Ohio App.2d 187.
Civ.R. 60(B) provides in pertinent part that:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for any of the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * (4) the judgment has been satisfied, released or discharged, * * * or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken.
Civ.R. 60(B)(5) provides a catchall provision that allows relief from judgment if: (1) the grounds for relief are substantial, and (2) none of the other provisions of Civ.R. 60(B)(1)-(4) apply. Caruso v. Ciresi, Inc. v. Lohman (1983),5 Ohio St.3d 64, paragraph one the syllabus.
To prevail on a motion for relief from judgment pursuant to any provision under Civ.R. 60(B), the movant must show: (1) a meritorious claim or defense; (2) an entitlement to relief under one of the grounds listed in Civ.R. 60(B)(1)-(5); and (3) the timeliness of the motion. Rose v. Chevrolet. Inc. v. Adams
(1988), 36 Ohio St.3d 17, 20, citing GTE Automatic Electric v.ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. If the movant fails to establish any of these requirements, the trial court must overrule the motion. GTEAutomatic Electric v. ARC Industries, 47 Ohio St.2d at paragraph two of the syllabus.
Pursuant to the equitable principle of unjust enrichment, SVSD alleged that the trial court erred by failing to provide that the Youngs return the mobile home and place them in the same position as if the contract had not been performed. Thus, SVSD established a meritorious claim or defense.
SVSD also established an entitlement to relief under Civ.R. 60(B). In its motion, SVSD did not ask the trial court to reconsider its judgment. Rather, SVSD merely requested the court to correct its inadvertent omission. The Youngs sought the return of the amount they paid for the mobile home in exchange for permitting SVSD to retrieve it. The trial court's failure to grant SVSD that to which the Youngs conceded SVSD was entitled constitutes mistake, inadvertence, or excusable neglect. Thus, SVSD established entitlement to relief under Civ.R. 60(B)(1).
Finally, SVSD complied with the third requirement of reasonable time and within one year to bring the action. SVSD filed its Civ.R. 60(B) motion ten months after the grant of summary judgment and eight months after it satisfied the judgment. We find that time span reasonable and within the one year time frame. Therefore, we find that SVSD fulfilled all of the requirements of a Civ.R. 60(B) motion.
As such, we find that SVSD filed a motion properly styled as a Civ.R. 60(B) motion and substantively established a right to relief under the rule. We find that the trial court did not abuse its discretion by granting SVSD's motion for relief from judgment. Accordingly, we overrule the Youngs' only assignment of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Harsha, J. and Evans, J.:
Concur in Judgment and Opinion.
For the Court
 BY: ___________________________ Roger L. Kline Presiding Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.