OPINION
Plaintiff-appellant, Dennis T. Caron, appeals an October 7, 1998 judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, denying his September 21, 1998 motion for relief from judgment pursuant to Civ.R. 60(B) and sentencing him to an indefinite jail term pursuant to a finding of contempt.
In July 1989, Gina R. Manfresca (Caron), defendant-appellee, became pregnant. She informed appellant in August 1989 that he was the father of the child. The parties subsequently married in October 1989, and the child was born in April 1990. On April 28, 1992, appellant filed for divorce from appellee.
On February 26, 1997, a divorce decree was granted to the parties. The divorce decree designated appellee as the residential parent, ordered appellant to pay child support, ordered appellant to pay appellee's attorney fees, and divided the marital property. Appellant appealed the property division, and this court affirmed the trial court's division in Caron v. Caron
(Nov. 20, 1997), Franklin App. No. 97APF03-438, unreported (1997 Opinions 4768) ("Caron I").
On April 9, 1997, appellee filed a motion for contempt, alleging that appellant had failed to pay child support, the attorney fees she was awarded, and the monetary property award, and also failed to maintain medical insurance for the child.
Appellant alleges that sometime after the divorce decree was entered, appellee hinted to him that he was not the biological father of the child. In May 1997, appellant received the results of an alleged DNA test that found that he was one-hundred percent excluded from being the biological father of appellee's child. The DNA did not include any names or other identifying notations and excluded "John Doe" as being the father of "John Doe." Also, the date of birth of the child on the DNA test results did not match the birth date of the parties' child.
Based upon the conclusion of the DNA test, appellant filed a Civ.R. 60(B) motion to vacate the divorce decree ("first Civ.R. 60(B) motion") on May 15, 1997. In his motion, appellant claimed that he was entitled to vacation of the terms of the divorce decree pursuant to Civ.R. 60(B)(1), (2), and (3), alleging that he first became aware on May 8, 1997, after the genetic testing, that he was not the father of the child born as issue of the marriage. Appellant claimed that as a result of the fraud and misrepresentation of appellee, he married appellee and incurred significant financial obligations, including child support, payment on indebtedness, distributive awards, psychological therapy expenses, investigative expenses, and experienced an unequal division of marital assets.
On February 11, 1998, a hearing was conducted on appellee's April 9, 1997 motion for contempt. The court found appellant in contempt for failing to comply with certain financial support obligations pursuant to the divorce decree. The court withheld sentencing on the contempt for thirty days and allowed appellant to purge himself of the contempt by payment of $29,589 for attorney fees and property distribution. The court did not set a purge order for the child support arrearages and medical insurance arrearages until an exact amount could be determined and until appellant's appeal was adjudicated.
Also during the February 11, 1998 hearing, the court denied appellant's first Civ.R. 60(B) motion. The court stated that genetic testing had been available to appellant throughout the five-year pendancy of the divorce proceedings. Further, a partial transcript of the divorce proceedings from November 1996 was presented to the court indicating that appellant understood he could pursue the issue of paternity if he had concerns as to whether he was the biological father of the child. The court found that appellant had been fully aware of the ramifications of paternity since the divorce trial but failed to pursue the matter at that time. The court journalized the decision on February 25, 1998.
Subsequently, appellant filed an appeal as to the denial of the first Civ.R. 60(B) motion and his contempt as it related to child support and medical insurance, and we affirmed the trial court's denial of appellant's first Civ.R. 60(B) motion and the contempt finding in Caron v. Caron (Dec. 3, 1998), Franklin App. No. 98AP-369, unreported (1998 Opinions 5432) ("Caron II").
Appellant claims that in June 1998, appellee admitted to him that he was not the biological father of the child. On September 21, 1998, appellant then filed another Civ.R. 60(B) motion ("second Civ.R. 60(B) motion") to vacate the decree of divorce and the February 25, 1998 judgment in which the court found him in contempt. As to the portion of the motion relating to the February 25, 1998 judgment, appellant claimed that he was entitled to vacation of the contempt pursuant to (1) Civ.R. 60(B)(1) and (3) because appellee had committed fraud upon the court by lying about appellant's paternity; (2) Civ.R. 60(B)(2) because appellee's admission of his nonpaternity was newly discovered evidence; and (3) Civ.R. 60(B)(5) because the judge was biased in that he stated that he never had and never would vacate a finding of parentage.
As to the portion of the motion relating to the divorce decree, appellant argued that he was entitled to have the divorce decree vacated pursuant to Civ.R. 60(B)(4) and (5) because (1) the trial court did not properly determine the best interests of the child in fashioning the current order; (2) appellee lied to the court about the number of sexual partners she has had; (3) the court never addressed the abuse allegations he put forth; (4) the court wrongfully excluded the testimony of Roger Aubrey based upon the argument of appellee's counsel, which proved to be unfounded by appellee's later testimony; (5) parental rights were not properly determined because the DNA results and appellee's June 1998 comments show appellant is not the father of the child; (6) the best interests of the child were not properly considered by the trial court because the biological father's rights are unresolved; (7) appellee lied to the court about her emotional problems and conduct; (8) R.C. 3111.03 violates appellant's constitutional rights because it forces him to be the father of a child who is not his biological child; (9) appellee blackmailed appellant into marrying her by fraudulently misrepresenting that he was the father of the child, and appellee lied to the court by saying that appellant married her by his own freewill; (10) appellee repeatedly lied to the court and its officers throughout the divorce proceedings; (11) appellee lied to the court about her income and expense information in completing the child support guidelines; (12) appellee took appellant's personal property worth $10,000; and (13) the trial judge committed numerous acts that were prejudicial and improper.
On October 7, 1998, a sentencing hearing was held regarding the contempt finding on February 25, 1998. Appellant requested a continuance of the hearing date due to his medical condition on that date and to obtain counsel; however, the trial court denied the continuance requests. The trial court found that appellant had failed to comply with the contempt and purge order and sentenced appellant to serve an indefinite jail term until the purge amount was paid in full. Appellant served two days in jail and was released on October 9, 1998, upon his compliance with the purge order.
Also, on October 7, 1998, the court denied appellant's second Civ.R. 60(B) motion. Appellee's attorney argued that appellant's second motion to vacate should be overruled because the issue appellant argued was exactly the same as the issue in his first motion to vacate-that he is not the biological father of the child. Appellant argued that his second motion requested that the court vacate the divorce decree based upon different grounds and facts than the first motion. He asserted that his second motion is based upon statements made by appellee after his first motion in which she acknowledged that he was not the biological father. Appellant stated that in his first motion to vacate the divorce decree, appellee clearly took the position that she believed him to be the biological father. The court overruled appellant's second Civ.R. 60(B) motion to vacate.
Appellant now appeals the October 7, 1998 entry regarding his contempt sentence and the denial of his second Civ.R. 60(B) motion, assigning the following two assignments of error:
ASSIGNMENT OF ERROR NO. 1
 The Trial Court erred and abused it's [sic] discretion by not permitting any argument or hearing concerning Appellant's Civil Rule 60(B) motion filed on 09/21/98 and by overruling said motion.
ASSIGNMENT OF ERROR NO. 2
 The Trial Court erred and abused it's [sic] discretion by granting Appellee's motion for contempt and sentencing Appellant to jail for an indefinite period in a hearing in which Appellant was denied a continuance and counsel.
Appellant argues in his first assignment of error that the trial court erred and abused its discretion by not permitting any hearing concerning his second Civ.R. 60(B) motion and in overruling the motion. A motion for relief from judgment is addressed to the sound discretion of the trial court, and a ruling will not be disturbed absent an abuse of discretion. Griffey v.Rajan (1987), 33 Ohio St.3d 75, 77. An abuse of discretion connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 137. Further, inHuffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, the Ohio Supreme Court explained:
 "`[A]n abuse of discretion involves far more than a difference in * * * opinion * * *. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an "abuse" in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias. * * *'"
Id. at 87, quoting State v. Jenkins (1984), 15 Ohio St.3d 164,222.
In order to prevail on a motion brought pursuant to Civ.R. 60(B), "`the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.'" ArgoPlastic Products Co. v. Cleveland (1984), 15 Ohio St.3d 389, 391, quoting GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. If any prong of this requirement is not satisfied, relief shall be denied. Argo, at 391. "If the material submitted by the movant in support of [a motion for relief from judgment] contains no operative facts or meager and limited facts and conclusion of law, it will not be an abuse of discretion for the trial court to overrule the motion and refuse to grant a hearing." Adomeit v. Baltimore (1974), 39 Ohio App.2d 97,105.
In the present case, toward the completion of the October 7, 1998 hearing, appellant brought to the court's attention that he had filed a Civ.R. 60(B) motion on September 21, 1998. The trial court stated that it had not seen appellant's motion to vacate, after which appellant gave the court a copy of the motion. After appellant briefly argued that he believed he was entitled to vacation of the decree because appellee admitted to him that he was not the biological father, the trial court stated, "Mr. Caron, the court has already ruled on that and the Court of Appeals will further look over and determine whether or not I was wrong in not permitting you to go forward with that. That's not an issue before the court." In overruling appellant's motion for Civ.R. 60(B) relief, the trial court then stated, "I'm not, insofar as this motion is concerned — although it's filed on 21 September, '98 and I have no record, after looking at it I see what we have here, and I have looked at these papers so many times * * * but I will overrule this motion."
Although it is not stated clearly, the court's apparent reason for denying appellant's second Civ.R. 60(B) motion was because it found that it had already decided the issues regarding appellant's paternity in ruling on the first Civ.R. 60(B) motion and that the appeal on such decision was then pending before this court. We find several reasons why appellant was not entitled to an evidentiary hearing on his Civ.R. 60(B) motion as it relates to the issue of his paternity.
Appellant's second motion, which seeks relief under Civ.R. 60(B)(4) and (5), is barred by the doctrine of resjudicata. When a motion for relief from judgment has been denied, res judicata precludes relief on successive, similar motions raising issues which were or could have been raised originally. McCann v. Lakewood (1994), 95 Ohio App.3d 226, 237;Brick Processors, Inc. v. Culbertson (1981), 2 Ohio App.3d 478,479. However, "`res judicata does not bar a subsequent motion for relief from judgment when the subsequent motion is based on different facts, asserts different grounds for relief, and "it is not certain that * * * [the] issue `could have been raised' in the prior motions.'" Coulson v. Coulson (1983), 5 Ohio St.3d 12, 17.
In the present case, the doctrine of res judicata is applicable because appellant's argument in his second Civ.R. 60(B) motion that he should be relieved from the terms of the divorce decree due to the fact that he was not the natural father of the child was previously raised in the first motion for relief from judgment, and this court rejected that argument in Caron II. The argument in appellant's first motion was based on genetic tests that showed that he was not the father of the child. The argument in appellant's second motion was based on an alleged statement made by appellee that he was not the father of the child. Although these are two different pieces of evidence, they support the exact same argument that he should be relieved from the divorce decree because he is not the father of the child. Regardless of the two different pieces of evidence presented in each of the motions, the issue, argument, and facts are exactly the same. Appellant clearly could not continue to bring successive motions regarding the issue of his paternity each time he finds some other evidence he believes will show his nonpaternity. This case does not revolve around the credibility, weight, or sufficiency of his proof of nonpaternity, and it is not a question of whether appellant has presented convincing evidence that he is not the father of appellee's child. As we found inCaron II when we overruled appellant's first Civ.R. 60(B) motion, this case concerns appellant's failure to pursue the issue previously despite his admissions to appellee, both attorneys, and the court that he had doubts about his paternity. Therefore, because appellant previously raised the issue of his nonpaternity in his first Civ.R. 60(B) motion, we find that res judicata bars appellant's second Civ.R. 60(B) motion on the issue of his nonpaternity of the child.
Further, even if res judicata did not apply, appellant failed to present sufficient operative facts under Civ.R. 60(B)(4) to warrant an evidentiary hearing. In Knapp v. Knapp (1986),24 Ohio St.3d 141, paragraph one of the syllabus, the Ohio Supreme Court held that "[t]he ` * * * it is no longer equitable * * *' clause of Civ.R. 60(B)(4) was designed to provide relief to those who have been prospectively subjected to circumstances which they had no opportunity to foresee or control." In other words, Civ.R. 60(B)(4) was not meant to offer a party a means to negate a prior finding that the party could have reasonably prevented.
As we found in Caron II, prior to the divorce decree, appellant suggested doubt about his being the child's natural father, but he neglected to take any action whatsoever while armed with such doubt. Having indicated some question about the child's paternity during the course of the divorce proceedings, appellant could have reasonably prevented the trial court's findings in those proceedings and requested a continuance in order to allow him to procure genetic test results or to take other action to explore the issue. In foregoing these options, appellant made a voluntary, deliberate choice not to pursue the issue until after the proceedings and until after appellee filed a motion for contempt against him for child support arrearages. Clearly, Civ.R. 60(B)(4) was not intended to provide a party relief in such an instance. See Knapp, at 145-146. (Otherwise, "litigants, armed with the knowledge that Civ.R. 60[B][4] would relieve them of the consequences of their voluntary, deliberate choices, would be encouraged to litigate carelessly.") Therefore, we find that Civ.R. 60(B)(4) is not available to appellant.
We also find that appellant may not seek relief under these circumstances pursuant to Civ.R. 60(B)(5). Civ.R. 60(B)(5) is a catchall provision that allows the court to relieve a person from the unjust operation of a judgment for any reason other than those set forth in Civ.R. 60(B)(1) through (4). Caruso-Ciresi,Inc. v. Lohman (1983), 5 Ohio St.3d 64, paragraph one of the syllabus. Importantly, relief from judgment cannot be brought under the less specific provision of Civ.R. 60(B)(5) when the more specific provisions of Civ.R. 60(B)(1) through (3) apply. Strackv. Pelton (1994), 70 Ohio St.3d 172, 174; Caruso-Ciresi, at 66. Although appellant attempts to couch appellee's June 1998 admission to him of his nonpaternity in terms of relief pursuant to Civ.R. 60(B)(5), in appellant's brief he admits that "the June 1998 admission of the Appelee [sic] that Appellant is not the biological father of Thomas [is] newly discovered evidence as per Civ.R. 60(B)(2) and [is] evidence of mistake as per Civ.R. 60(B)(1) and [is] fraud as per Civ.R. 60(B)(3)." Appellant makes a similar statement in his second motion for Civ.R. 60(B) relief. Appellant cannot seek to circumvent the one-year time requirement in Civ.R. 60(B)(1) through (3) by claiming entitlement to relief under Civ.R. 60(B)(5). Thus, appellant's motion for relief from judgment cannot be brought under the less specific provision of Civ.R. 60(B)(5) because, in this case, more specific provisions of Civ.R. 60(B) apply.
Finally, appellant argues that appellee's false testimony in court regarding paternity constitutes "fraud upon the court" and, therefore, falls under the purview of Civ.R. 60(B)(5). However, "`false testimony alone does not warrant a finding of fraud upon the court,'" but, instead, constitutes fraud between the parties. Still v. Still (June 25, 1996), Gallia App. No. 95CA15, unreported, quoting Sako v. Rutledge (Oct. 19, 1977), Medina App. No. 706, unreported; see, also, Hartford v. Hartford
(1977), 53 Ohio App.2d 79, 83-84 (a misrepresentation about paternity is only a fraud by one party upon the other, and not a fraud on the court, thus limiting relief from judgment to the one year outer limit of Civ.R. 60 [B][3]). Thus, such false misrepresentations are intrinsic fraud and time-barred by the one year statute of limitations provided in Civ.R. 60(B)(3). Still,supra. Therefore, we find that the trial court did not abuse its discretion in denying appellant's second motion for Civ.R. 60(B) relief as it relates to the issue of his paternity.
Appellant also raised several arguments in his second motion for relief from judgment that were unrelated to the issue of paternity. As to appellant's claim that appellee has taken certain personal and separate property and cash belonging to him that were not awarded to appellee as part of the divorce decree, such actions by appellee are not grounds for vacation of the divorce decree and are more properly pursued via other legal avenues. The remaining issues appellant raises in his second Civ.R. 60(B) motion could have been raised on direct appeal. Appellant filed a direct appeal in Caron I, but he failed to raise these new arguments in this direct appeal of the divorce decree. It is well accepted that a party may not use a Civ.R. 60(B) motion as a substitute for an appeal. Doe v. Trumbull Cty. ChildrenServices Bd. (1986), 28 Ohio St.3d 128, paragraph two of the syllabus; Dahl v. Kelling (1986), 34 Ohio App.3d 258. If a Civ.R. 60(B) motion is premised upon issues which could have been raised on appeal, a trial court does not abuse its discretion by denying such motion. Justice v. Lutheran Social Serv. of Cent. Ohio
(1992), 79 Ohio App.3d 439, 442. Therefore, the trial court did not abuse its discretion in overruling appellant's second Civ.R. 60(B) motion as to the remaining arguments unrelated to his nonpaternity of the child. Appellant's first assignment of error is overruled.
In his second assignment of error, appellant argues that the trial court erred and abused its discretion by granting appellee's motion for contempt and sentencing him to jail for an indefinite period in a hearing in which appellant was denied a continuance and counsel. On October 7, 1998, the trial court found that appellant had failed to comply with the contempt and purge order of February 25, 1998, and sentenced appellant to serve an indefinite jail term until the purge amount was paid in full. Appellant served two days in jail and was released on October 9, 1998, upon compliance with the purge order. Appellant's purging was journalized in an entry filed on October 9, 1998.
In Miner v. Witt (1910), 82 Ohio St. 237, the Ohio Supreme Court stated:
 * * * "The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. * * *"
Id., at 238, quoting Mills v. Green (1858), 159 U.S. 651, 653,16 S.Ct. 132. The act of purging a contempt prior to appeal renders the appeal of the contempt action moot. In In re Knight (Mar. 16, 1994), Ross App. No. 93CA1965, unreported, the court noted that because an appellate court's duty is to decide actual controversies, it may not decide contempt appeals once the contemnor has purged the contempt. See, also, Pagliaro v.Pagliaro (Aug. 23, 1993), Clermont App. No. CA93-02-014, unreported; Beard v. Beard (Apr. 23, 1992), Greene App. Nos. 91CA18 and 91CA34, unreported; Hammond v. Bishop (Feb. 14, 1991), Cuyahoga App. No. 60035, unreported. Appellant purged his contempt on October 9, 1998. He filed his notice of appeal on November 4, 1998. As appellant has complied with the trial court's mandate for purging the contempt citation, the second assignment of error is moot and is hereby overruled. We also note that any arguments in appellant's second Civ.R. 60(B) motion regarding the trial court's February 25, 1998 entry finding him in contempt are also rendered moot by his compliance with the purge order.
Accordingly, appellant's assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is hereby affirmed.
Judgment affirmed.
BOWMAN and KENNEDY, JJ., concur.