OPINION
{¶ 1} Defendant-appellant Thomas L. Howell appeals the August 2, 2002 Judgment Entry of the Stark County Court of Common Pleas which denied his motion for relief from judgment pursuant to Civ.R. 60(B). Plaintiff-appellee is Theresa E. McKean.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On November 3, 1999, appellant and appellee were involved in an auto accident. Appellee sustained injuries as a result of the accident. On November 2, 2001, appellee filed a complaint in the Stark County Court of Common Pleas. On November 6, 2001, the summons and complaint were served on appellant. Accordingly, appellant's response was due on or before December 7, 2001. On December 11, 2001, the trial court notified appellee appellant had failed to respond to the complaint.
 {¶ 3} On January 3, 2002, appellee filed her motion for default judgment. On January 22, 2002, appellee served appellant's insurance carrier with a courtesy copy of the complaint and notice of the motion for default judgment. On January 25, 2002, appellee left a voice mail message with appellant's insurance carrier notifying them the hearing on appellee's motion for default judgment was set for January 30, 2002. On January 30, 2002, appellee's motion for default judgment was granted.
 {¶ 4} On July 10, 2002, appellant filed a motion for relief from judgment. In an August 1, 2002 Judgment Entry, the trial court's denied appellant's motion. It is from that judgment entry appellant prosecutes this appeal, assigning the following errors for our review:
"I. The trial court abused its discretion by not finding that defendant-appellant had notified plaintiff-appellee of an intention to defend the suit thus triggering the seven day notice requirement.
 {¶ 5} "II. The trial court abused its discretion when it failed to grant relief from judgment pursuant to CIV.R. 60(B)."
 I {¶ 6} In appellant's first assignment of error, he maintains the trial court abused its discretion in denying his motion for relief from the default judgment where he had appeared in the action. We disagree.
 {¶ 7} Civ.R. 55 governs the entry of a default judgment. The rule provides in relevant part:
 {¶ 8} "(A) Entry of judgment
 {¶ 9} "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; * * * If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application.* * *" (Emphasis added.)
 {¶ 10} Our review of the record indicates appellant made no appearance in this case until after the entry of default judgment. Accordingly, he was not entitled to notice of the default hearing pursuant to Civ.R. 55.
 {¶ 11} Appellant's first assignment of error is overruled.
 II
In appellant's second assignment of error, he maintains the trial court abused its discretion in denying his motion for relief from judgment pursuant to Civ.R. 60(B). Appellant specifically maintains he demonstrated a meritorious defense or claim, he was entitled to relief under Civ.R. 60(B)(1),(5); and his motion was made within a reasonable time. We disagree.
 {¶ 12} Civ.R. 60(B) provides, in pertinent part:
 {¶ 13} "(a) On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."
 {¶ 14} A party seeking relief from a default judgment pursuant to Civ.R. 60(B) must show (1) the existence of a meritorious defense, (2) entitlement to relief under one of the grounds set forth in the rule, and (3) that the motion is timely filed. See GTE Automatic Electric, Inc. v. ARC Industries, Inc.(1976), 47 Ohio St.2d 146; Blasco v. Mislik (1982), 69 Ohio St.2d 684. It is well accepted that a party may not use a Civ.R. 60(B) Motion as a substitute for a timely appeal. See, e.g., Doe v. Trumbull Cty. ChildrenServices Bd.(1986), 28 Ohio St.3d 128; Dahl v. Kelling(1986), 34 Ohio App.3d 258."
In his brief to this Court, appellant first contends he had a meritorious claim to present. Specifically, he argues he could demonstrate there was no proximate cause between the accident and appellee's damages. He further claims there was no medical testimony or report to establish the level of impairment claimed by appellee and no proximate cause established by appellee with regard to her injuries.
 {¶ 15} We find this argument self serving and underdeveloped. Appellant presents absolutely no evidence to demonstrate or back up these claims. Accordingly, we find they fall short of the establishing a meritorious defense.
 {¶ 16} Appellant also contends his neglect was excusable. Specifically, appellant claims he was not aware of the upcoming trial date and was not informed of the default judgment until after it had already taken place "due to an unusual break in the chain of communication" between appellant and his counsel. Again, appellant has failed to submit any substantiating evidence to support this argument. Further, as set forth in our analysis of appellant's first assignment of error, neither appellant nor any attorney made an appearance in this matter until after the entry of default judgment. Therefore, appellant was not entitled to notice of the default hearing. Accordingly, we are not persuaded the neglect on appellant's part was excusable. Certainly, the trial court did not abuse its discretion in failing to find excusable neglect.
 {¶ 17} Appellant's second assignment of error is overruled.
The August 1, 2002 Judgment Entry of the Stark County Court of Common Pleas is affirmed.
Judgment affirmed.
Farmer and Edwards, JJ. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the August 1, 2002 Judgment Entry of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.