OPINION
{¶ 1} On December 22, 1999, appellant William Bringman Co., L.P.A., filed a complaint in the Knox County Common Pleas Court seeking foreclosure of the equitable interest of land contract vendee of George Dye, in a parcel of land, in Knox County. The land contract vendor was J.J. Deweiler Enterprises, Inc., who was also named as a defendant in the instant action. Appellee Sandra Mizer, Knox County Treasurer, was also a defendant in the underlying action.
 {¶ 2} The real estate was sold at a sheriff's sale on March 8, 2002. A proposed entry of confirmation of sale and order for deed and distribution was circulated by appellant among the defendants to the action. The entry was approved by the vendor, and no response was received by the property owner. Appellee did not approve the entry.
 {¶ 3} The proposed entry with the approval, non-response, and non-approval noted thereon was admitted to the trial court for its consideration. The trial court signed the entry as submitted, and the final order of sale was filed with the court on June 7, 2002. The order was not appealed. On July 18, 2002, appellee filed a motion to set aside the entry confirming the sale pursuant to Civ.R. 60(B). She argued that the taxes were incorrectly shown on the entry confirming the sale. The court granted the motion, solely as to the amount of real estate taxes owed. The court confirmed the sale in all other respects. The court amended the entry to provide that the amount due to appellee for real estate taxes due on the property is $288.59. The original entry showed $0 due to the Treasurer for taxes. Appellant assigns a single error to the judgment granting the Civ.R. 60(B) motion:
 {¶ 4} "The trial court erred in amending the order of distribution of sheriff's sale proceeds of June 7, 2002."
 {¶ 5} It is well established in Ohio law that Civ.R. 60(B) motion is not a substitute for appeal. E.g. Dahl v. Kelling (1986),34 Ohio App.3d 258. Appellee argues that Civ.R. 60(B) was appropriate in the instant case because at the time he signed the entry, the judge was not aware of appellee's objection. Appellee argues that this is because of the form of the entry, where appellant failed to place the non-approval on the signature line, but rather noted the non-approval under counsel's name, in the same print and type style. Any issues as to the form of the entry submitted to the court should have been raised on direct appeal. The November 12, 2002, judgment of the Knox County Common Pleas Court amending the order of sale is vacated. The June 7, 2002, order of sale is reinstated.
By Gwin, P.J., Farmer, J., and Boggins, J., concur