DECISION AND JUDGMENT ENTRY
This is an appeal from the decision of the Lawrence County Court of Common Pleas which denied Plaintiff-Appellant Leslie Delong's Civ.R. 60(B) motion for relief from judgment. Appellant argues that the trial court abused its discretion in denying his motion. We find appellant's argument to be without merit and affirm the well-reasoned judgment of the trial court.
 I. The Proceedings Below
Plaintiff-Appellant Leslie Delong asserts that he intended to appeal to this Court the judgment of the Lawrence County Court of Common Pleas, which affirmed the decision of Defendant-Appellee South Point Local School District Board of Education to terminate his employment contract. However, appellant's notices of appeal were not timely filed.
Appellant asserts that, on November 16, 2000, he utilized a commercial courier service to deliver his notices of appeal to the Lawrence County Clerk of Courts prior to the statutory deadline the following day. However, the company inadvertently misrouted his parcel and the notices arrived after the statutory deadline had expired for filing the notices of appeal.
In December 2000, this Court dismissed appellant's appeals for failure to timely file notices of appeal, pursuant to App.R. 4.
Subsequently, in January 2001, appellant filed a motion for relief from judgment, pursuant to Civ.R. 60(B), with the trial court. Appellant argued that, because the notices of appeal were late due to no fault of his own, the trial court should "vacate then reinstate its original judgment so that [a]ppellant could timely appeal."
In February 2001, the lower court denied appellant's motion for relief from judgment, stating that "[appellant's motion] deals not with the judgment * * * from this Court, but rather with the unexpected problems that [appellant] encountered in using overnight mail * * * to file his [notices of appeal]."
 II. The Appeal
Appellant timely filed an appeal from the lower court's denial of his Civ.R. 60(B) motion, assigning the following error for our review.
THE COURT BELOW ERRED IN DENYING A MOTION FOR RELIEF FROM JUDGMENT WHERE ACTIONS BEYOND THE CONTROL OF APPELLANT AND HIS ATTORNEY RESULTED IN THE UNTIMELY FILING OF A NOTICE OF APPEAL.
A Civ.R. 60(B) motion for relief from judgment is addressed to the sound discretion of the trial court. See Dunkle v. Dunkle (1999),135 Ohio App.3d 669, 735 N.E.2d 469; accord Rose Chevrolet, Inc. v.Adams (1988), 36 Ohio St.3d 17, 520 N.E.2d 564. Thus, a reviewing court should not reverse the ruling of a trial court on such motions absent a demonstrated abuse of discretion. See id.
The term "abuse of discretion" has been defined by the Supreme Court of Ohio as "more than an error of law or of judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable or arbitrary." Franklin Cty. Sheriff's Dept. v. Serb (1992),63 Ohio St.3d 498, 506, 589 N.E.2d 24, 30.
"The discretion exercised by the trial court in considering a Civ.R. 60(B) motion is not unbridled." Dunkle v. Dunkle,135 Ohio App.3d at 669, 735 N.E.2d at 469. Rather, the trial court must consider whether the movant adequately demonstrated the three requirements necessary for obtaining Civ.R. 60(B) relief:
 (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in [Civ.R. 60(B)(1)] through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are [Civ.R. 60(B)(1)], (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
GTE Automatic Elec. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146,351 N.E.2d 113, paragraph two of the syllabus; see Strack v. Pelton
(1994), 70 Ohio St.3d 172, 637 N.E.2d 914 (requiring that each of these elements be met). In the case sub judice, it is only the second prong that is at issue.
Appellant argues, in his brief to this Court, that his motion should have been granted, based on Civ.R. 60(B)(1), because the notices of appeal were filed late due to no fault of his own.
Civ.R. 60(B)(1) states, in pertinent part, that "the court may relieve a party * * * from a final judgment * * * for * * * mistake, inadvertence, surprise or excusable neglect." Civ.R. 60(B)(1).
Conceding that there is no authority to support his argument, appellant maintains the following.
Many attorneys * * * are engaged in practices that are statewide, nationwide[,] or international in scope. Such practitioners must rely upon couriers * * * to meet deadlines. To not recognize this would * * * require a statewide practitioner to personally hand deliver all filings * * *. * * * Under such circumstances, equity demands that there be some vehicle for relief for a party who is effectively deprived of his right to appeal by the actions of an outside agency.
We have previously held that the term "mistake," in the context of Civ.R. 60(B)(1), solely contemplates errors made by the court or its staff, not those made by the parties themselves. See Atchison v.Atchison (June 29, 2001), Scioto App. No. 00CA2727, unreported; Knapp v.Knapp (1986), 24 Ohio St.3d 141, 493 N.E.2d 1353.
Indeed, this holding is wholly compatible with the single case discussed by appellant, Lewis v. Alexander (C.A.6, 1993), 987 F.2d 392. There, the Sixth Circuit Court of Appeals indeed vacated its judgment to permit the party to re-file, but it did so because the late filing was due to a mistake made by the court's clerk, not a mistake made by a party. See, generally, Zimmer St. Louis, Inc. v. Zimmer Co. (C.A.8, 1994),32 F.3d 357 (Explaining that cases, such as Lewis, supra, permitted such relief only on the basis that the party had "no notice of the final judgment in spite of various efforts to determine whether such a judgment had been entered." This was not the case in the instant matter.); see, also, Wallace v. McManus (C.A.10, 1985), 776 F.2d 915, (clerk mistakenly sent notice of the grant of summary judgment to the defendant's former attorney who had withdrawn four months prior to judgment and defendant failed to learn of the judgment within time to appeal); Buckeye CelluloseCorp. v. Braggs Elec. Constr. Co. (C.A.8, 1978), 569 F.2d 1036 (clerk failed to notify parties of judgment and "counsel at all times acted diligently" after being notified of the judgment).
However, appellant appears to be requesting this Court to recognize a distinction in this regard: he argues that the mistake made in the instant case was not made by himself, but rather by a company that he relied on. We find no reason to recognize such a distinction.
In the case sub judice, it is clear that it was solely appellant's decision and choice to use this method to deliver the notices.
[L]itigants, armed with the knowledge that Civ.R. 60[(B)] would relieve them of the consequences of their voluntary, deliberate choices, would be encouraged to litigate carelessly. * * * [T]his would be a subversion of judicial economy and an opening of the proverbial floodgates, causing Ohio's courts to drown in a sea of duplicative, never-ending litigation.
Knapp v. Knapp, 24 Ohio St.3d at 141, 493 N.E.2d at 1353.
Accordingly, parties that rely on non-governmental, private companies to meet filing deadlines have undertaken the risk that the service might fail. In such instances, the parties should bear the consequences of such decisions, not the courts.
Moreover, we agree with the trial court's assessment that the alleged mistake appellant complains of in no way deals with its judgment, but instead concerns events that are not attributable to it, which occurred after the judgment was entered. See, generally, Zimmer St. Louis, Inc.,supra.
Therefore, we find no abuse of discretion by the lower court in denying appellant's motion for relief from judgment under Civ.R. 60(B).
 III. Conclusion
For the foregoing reasons, we OVERRULE appellant's assignment of error and AFFIRM the judgment of the Lawrence County Court of Common Pleas.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellees recover of appellant costs herein taxed.
This Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the LAWRENCE COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Concurs in Judgment and Opinion.
Abele, P.J. Concurs in Judgment Only.