DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant, Theresa Owca, has appealed from the judgment of the Medina County Court of Common Pleas that vacated a judgment entry of divorce dated May 4, 1999. This Court affirms.
 I {¶ 2} Plaintiff-Appellee, Chester Owca ("Husband"), filed for divorce on February 23, 1994. Defendant-Appellant, Theresa Owca ("Wife"), filed an Answer and Counterclaim on April 19, 1994. During the divorce proceedings, the marital property jointly owned by the parties was foreclosed upon, resulting in said property being sold at a sheriff's sale. On August 31, 1998, the new buyer executed a Writ of Restitution and the parties' personal property was removed from the premises. Wife alleged that this property was destroyed and/or stolen as a result of this process.
 {¶ 3} On May 4, 1999, a final Judgment Entry of Divorce was filed by the Medina County Court of Common Pleas. This judgment entry provided for the equitable division of the marital assets and allocated parental rights and responsibilities among the parties. Wife objected to this judgment entry and alleged that she was in "dire financial straits" and that her "entire household belongings were destroyed without any offer of replacement."
 {¶ 4} In May 2004, Husband received notice that Wife had settled an insurance claim with the policyholder of her homeowner's insurance policy for the sum of $60,000. This policy covered the marital property of the parties that was destroyed pursuant to the execution of the August 31, 1998 Writ of Restitution. On September 14, 2004, Husband filed a Motion for Relief from Judgment alleging that he had no prior knowledge or notice of this settlement, and that the May 4, 1999 Final Judgment Entry of Divorce was unjust. On December 17, 2004, Wife filed a motion in response to Husband's Motion for Relief from Judgment. The trial court granted Husband's motion on March 7, 2005.
 {¶ 5} Wife has appealed the trial court's decision, asserting three assignments of error. For ease of analysis, Wife's first two assignments of error have been consolidated.
 II Assignment of Error Number One
"PLAINTIFF-APPELLEE'S MOTION FOR RELIEF FROM JUDGMENT IS TIME-BARRED."
 Assignment of Error Number Two
"THIS CASE CONTAINS NO FACTORS SHOWING RULES 60(B)(4) AND 60(b)(5) APPLY."
 {¶ 6} In Wife's first and second assignments of error, she has argued that Husband's Motion for Relief from Judgment is time-barred. Specifically, Wife has argued that Husband's affidavits and supporting documents actually state a claim under Civ.R 60(B)(3), which contains a one year limitation. In the alternative, Wife has argued that if Husband's motion does fall under Civ.R. 60(B)(4) or 60(B)(5), that it should still be time-barred because of a limitation that motions for relief from judgment, under these two provisions of the rule, be filed within a "reasonable time." We disagree.
 {¶ 7} This Court reviews a trial court's decision on a Civ.R. 60(B) motion under the abuse of discretion standard. Strack v.Pelton (1994), 70 Ohio St. 3d 172, 174. Under this standard, the trial court abused its discretion only if its "attitude is unreasonable, arbitrary, or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St. 3d 217, 219.
"The discretion of the court to grant a Civ. R. 60(B) motion is limited by the rule itself, which states: * * * [T]he court may relieve a party * * * from final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) * * * it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from judgment." SpanoBrothers Const., Inc. v. Leisinger (July 24, 1996), 9th Dist. No. 17438, at 3, quoting Knapp v. Knapp (1986),24 Ohio St.3d 141, 145.
Consequently, the central question as to whether Husband's motion for relief is time-barred hinges on whether this motion invokes Civ.R. 60(B)(3), which limits such motions to within one year from the judgment entry being challenged, or Civ.R. 60(B)(4) and 60(B)(5), which require only that such motions be brought within a reasonable time.
 {¶ 8} The record reflects that Husband's motion and the supporting documentation make no mention of Civ.R. 60(B)(3). In fact, Husband specifically cites Civ.R. 60(B)(4) and (5) as grounds upon which the motion should be granted. Furthermore, although Husband briefly mentions that continued enforcement of the May 1999 judgment would be inequitable under Civ.R. 60(B)(4), it appears that his motion is actually focused on Civ.R. 60(B)(5) grounds for relief.
 {¶ 9} "Civ.R. 60(B)(5) is intended as a `catch all' provision, allowing the court to relieve a party from the unjust operation of a judgment when the more specific grounds of Civ.R. 60(B)(1)-(4) are inapplicable." Spano Brothers, supra at footnote two, citing Caruso-Ciresi, Inc. v. Lohman (1983),5 Ohio St. 3d 64, at paragraph one of the syllabus. Furthermore, the Ohio Supreme Court has held that "fraud upon the court" falls within the realm of Civ.R. 60(B)(5). Coulson v. Coulson (1983),5 Ohio St. 3d 12, paragraph one of the syllabus. Fraud upon the court has been defined as:
"[T]hat species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by the officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." (Quotations Omitted). Coulson,5 Ohio St. 3d at 15.
The Ohio Supreme Court has further defined fraud upon the court as "[a]ny fraud connected with the presentation of a case to a court" and "[w]here an officer of the court, e.g., an attorney * * * actively participates in defrauding the court[.]" Id.
 {¶ 10} The record in the instant matter supports a finding that Wife committed fraud upon the court. An examination of the record shows that Wife engaged in a pattern of deliberately filing misleading pleadings and deliberately concealing the $60,000 settlement from both the trial court and Husband. The record reflects that Wife filed a poverty affidavit with the court only 75 days after receiving the $60,000 settlement check from her insurance company. The record also shows numerous examples of Wife's deliberate concealment of this settlement from Husband, as well as the court. In nearly every motion filed by Wife in this action, both before and after the settlement, she refers to herself as indigent and states that she cannot afford an attorney. Furthermore, Wife represented herself for the vast majority of the divorce proceedings. Consequently, the acts of fraud that she committed were connected with the presentation of her case and her arguments to the court. "[F]raud upon the court constitutes grounds to vacate under Civ. R. 60(B)(5) whether perpetrated by a party or its attorneys." In re Guardianship ofMatyasek, 159 Ohio App.3d 424, 2004-Ohio-7167, at ¶ 52. The deliberate concealment of the $60,000 settlement in conjunction with Wife's representations to the trial court amounts to fraud upon the court and Husband's motion was properly grounded under Civ.R. 60(B)(5).
 {¶ 11} The record reflects that Husband gained notice of the settlement in May of 2004. Husband filed his Motion for Relief from Judgment on September 14, 2004. We find that his filing was within a reasonable time under Civ.R. 60(B)(4) and (5). The fact that Husband's motion was not filed until more than five years after the final judgment entry is not dispositive as Husband did not learn about Wife's fraud upon the court until May 2004. When Husband did become aware of the settlement and fraud, he acted within a reasonable period of time.
 {¶ 12} We find that the trial court's reference to Civ.R. 60(B)(3) in its grant of Husband's Motion for Relief from Judgment was a simple mistake. The trial court correctly pointed out that Husband's motion was brought "within a reasonable time from the date of discovery of the Defendant's fraud." This language clearly shows that the trial court actually and correctly based its decision on Civ.R. 60(B)(4) and (5), which both require the motion for relief be brought within a reasonable time. Furthermore, the trial court could not have based its decision on Civ.R. 60(B)(3) as the one year limitation would have clearly time-barred Husband's motion.
 {¶ 13} Based on the foregoing, Wife's first and second assignments of error lack merit.
 Assignment of Error Number Three
"THE TRIAL COURT DID NOT MAKE THE MINIMUM FINDINGS REQUIRED BEFORE GRANTING RELIEF FROM JUDGMENT."
 {¶ 14} In Wife's third assignment of error, she has argued that the trial court did not make the minimum findings before granting relief. We disagree.
 {¶ 15} The Supreme Court of Ohio has held:
"To prevail on [a] motion [for relief from a final judgment, order or proceeding,] the movant must demonstrate that: (1) [he] has a meritorious defense or claim to present if relief is granted; (2) [that he] is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) [that] the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146, 150-151.
 {¶ 16} We find that the trial court made the required findings before granting relief. Husband moved for relief under Civ.R. 60(B)(4) and (5), and the trial court found his motion was filed within a reasonable time. Based on our review of the journal entry, we find that the trial court's analysis of the facts of this case establish that Husband has stated a meritorious claim. Accordingly, the trial court addressed each of the elements under GTE Automatic Electric in its grant of relief from judgment. See GTE Automatic Electric, supra.
 {¶ 17} Wife's third assignment of error lacks merit.
 III {¶ 18} Wife's three assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Carr, J., Boyle, J., concur.