TATOM, APPELLEE, *v.* TATOM, APPELLANT.

(No. CA 8625—Decided July 26, 1984.)

*Richard G. Knostman,* for appellee.
*Joseph J. Chillinsky,* for appellant.

McCORMAC, P.J.  Janice Marie Tatom, defendant-appellant, has appealed the trial court's judgment overruling her motion for change of custody, asserting the following assignments of error:

"1. The judgment of the trial court was contrary to law.

"2. The judgment of the trial court was against the manifest weight of the evidence."

Richard Dana Tatom, plaintiff-appellee, and Janice Marie Tatom were divorced in Dayton, Ohio on February 9, 1977, at which time custody of the three minor children was awarded to appellee.

Service for the divorce was admittedly valid and was by publication. Prior to the divorce action being filed on October 22, 1976, the parties had signed a separation agreement in conjunction with a dissolution petition in which custody was to be granted to appellee. However, appellant failed to appear at the dissolution hearing and the petition was dismissed. Appellant admittedly was aware that the divorce had been granted with custody to appellee in 1977, and she knew that she had been granted reasonable visitation rights by that decree. However, she had no contact whatsoever with her three minor children, who are now ages thirteen, ten and eight, until December 1980. Her reason was that she was young and immature and that she was intimidated by appellee's mother in whose home appellee and the three children resided.

Appellant moved the court for specific visitation times in November 1980, which visitation was granted by agreed judgment. In the summer of 1981 and the summer of 1982, the children visited appellant at her home in Florida for about ten weeks each summer, pursuant to the order.

On December 27, 1982, appellant moved the court for an order to change custody of the children from appellee to her. After a hearing, which mainly concerned circumstances in 1976 and 1977, with meager testimony concerning the current status of the children, a referee recommended change of custody to appellant as being in the children's best interest. The trial court sustained objections to the referee's report, finding that the children were currently doing well, and that the court was required to retain the custodian designated by the prior decree because none of the three situations described in R.C. 3109.04(B)(1)(a), (b) or (c) applied.

Appellee obtained physical custody of the children in 1976 and legal custody at the time the divorce was granted in February 1977. From 1976 until 1980, appellee lived with his mother in Dayton, Ohio and worked at a job there. His mother provided most of the physical care of the children and he provided the financial support for their care. The evidence indicates that he was a good father and that, during this entire period of time, appellant had absolutely no contact with her children. In 1980, appellee apparently lost his job in Dayton and moved to Atlanta, Georgia to take a job. He has lived in Atlanta, Georgia since that time. The children were left with his mother in Dayton, Ohio, and she has continued to care for them and, from the evidence, has done an excellent job. Even appellant, in her affidavit for change of custody, conceded that the grandmother caring for the children was a "decent human being" and that she was presently caring adequately for the children. Appellant also admitted in her testimony that appellee could get the "job done" of caring for the children with his mother's assistance and that their physical needs were being met. Following appellee's move to Georgia, he has continued to provide financial support for the children and he has returned to Dayton about once a month to visit the children. The referee found that the father spent a considerable amount of time with the children when he visited them. The children are doing well in school, and there is no evidence of any current mental or physical problems. There is also no evidence that appellant has ever provided financial support for the children other than caring for them during two ten-week summer visits.

Appellant and her present husband testified to the adequacy of their physical and monetary abilities to care for the children and of their strong desire to do so. Appellee testified that he would move the children to Georgia to live with him when he was able to do so. His present plans in this respect were

somewhat vague. He also stated that if he could get a job in Dayton he would return there. He was satisfied that, with his mother's help, he was meeting the children's needs.

Appellant contends that the judgment was contrary to law for three reasons: (1) the trial court failed to follow the best-interest-of-the-child rule as articulated in *Sexton* v. *Sexton* (1978), 60 Ohio App. 2d 339 [14 O.O.3d 297]; (2) the trial court failed to treat appellant's motion to change custody as a motion for relief from judgment per Civ. R. 60(B)(4); and (3) the trial court misapplied R.C. 3109.04.

R.C. 3109.04(B)(1) provides, as pertinent, as follows:

"(B)(1) * * * [T]he court shall not modify a prior custody decree unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, [or] his custodian, * * * and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the custodian * * * designated by the prior decree, unless one of the following applies:

"(a) The custodian * * * agree[s] to a change in custody.

"(b) The child, with the consent of the custodian * * * has been integrated into the family of the person seeking custody.

"(c) The child's present environment endangers significantly his physical health or his mental, moral, or emotional development and the harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."

The General Assembly has made clear that no change in custody should be made unless the custodian agrees to a change in custody, the child has been integrated into the family of the person seeking custody, or the child's present environment endangers significantly his physical health or his mental, moral or emotional development.

The evidence overwhelmingly indicates that none of these three requirements applied.

Appellant relies upon *Sexton, supra,* which holds that a court, in a change-of-custody action, may change custody by granting relief from judgment pursuant to Civ. R. 60(B)(4), despite the fact that none of the three requirements set forth in R.C. 3109.04(B)(1)(a), (b) or (c) is found to apply.

We do not disagree with the *result* of *Sexton.* Relief from judgment pursuant to Civ. R. 60(B) may apply to a divorce decree or a part thereof if the custody part of the original decree is found to have been obtained by fraud or any other recognizable circumstance set forth in Civ. R. 60(B)(1) through (5). Except for prospective application under Civ. R. 60(B)(4), when relief is granted under Civ. R. 60(B), custody is held to have been procured mistakenly on the date of the original decree. The relief granted is not a change in custody. Thus, there is not a conflict between the clear requirements of R.C. 3109.04 (B)(1)(a), (b) or (c), and Civ. R. 60(B). In *Sexton,* there were grounds for relief based upon defects in the original award of custody recognizable by Civ. R. 60(B). In *Sexton,* the original decree was entered on September 8, 1976, and the motion for a change in custody, which was treated as a motion for relief from judgment pursuant to Civ. R. 60(B), was filed in December 1976.

The facts of our case are clearly distinguishable. The original custody decree was entered on February 9, 1977, and appellant was fully aware of the provisions later that year. Appellant had no visitation with her children until over three years later, and made no motion for change of custody until over five

years after the original decree was entered. At the time the original custody decree was entered, it was clear that appellant had little, if any, interest in custody of her children. Whether that was due to her immaturity or other reasons is not really material. The trial court entered the only custody decree that could have been entered at that time. Hence, in this case, contrary to *Sexton,* a change of custody was the issue, not whether the original custody award was defective at its inception. Hence, the rule stated in *Sexton* has no application to this case. We disagree with the statement in *Sexton* that a change of custody can be effected without complying with the mandatory requirements of R.C. 3109.04(B)(1)(a), (b) or (c), by finding that the decree should no longer have prospective application, in the absence of a *de facto* change in custody or an abandonment of custody by the original custodian, as that holding would allow a procedural rule to control over a substantive right, a matter prohibited by Section 5(B), Article IV, Ohio Constitution. A change-of-custody motion with its incumbent statutory requirements is the only method to determine whether a custody decree should continue to apply. Thus, even if the rule stated in the syllabus of *Sexton* were to apply, the result in this case would be unchanged as the evidence supports a finding that appellee has not abandoned custody or made a *de facto* change of custody to his mother.

The trial court did not err in treating appellant's motion as one to change custody pursuant to R.C. 3109.04(B), rather than a motion for relief from judgment pursuant to Civ. R. 60(B)(4). Ordinarily, a motion should be treated as delineated, unless the title is an obvious misnomer. The requirements for changing custody pursuant to R.C. 3109.04(B) are much different than those for obtaining relief from judgment pursuant to Civ. R. 60(B)(4). The matter

was litigated according to the dictates of R.C. 3109.04(B). Had it been litigated as a motion for relief from the original judgment, other factors, such as timeliness, would have to have been considered. Even if the motion were treated as a motion for relief from judgment pursuant to Civ. R. 60(B)(4), there would be no basis for holding that the motion was timely filed or that the original judgment of custody, valid when made, should be altered in a way that would avoid the mandates of R.C. 3109.04(B).

Appellant's first assignment of error is overruled.

Appellant secondly asserts that the trial court's judgment was against the manifest weight of the evidence. There is no substance to that contention. All of the evidence indicated that the children were currently doing well in their environment. There was no evidence, only, argument, that they may not do well at some time in the future. That argument is insufficient to prove that their environment endangers significantly their physical and emotional development and totally fails to indicate that the trial court's factual finding was against the manifest weight of the evidence.

Even if the best interest of the children were to be considered, without a requirement that the court find that one of the three factors set forth in R.C. 3109.04(B)(1)(a), (b) or (c) was present, a finding that the best interest of the children is served by leaving them in the present environment with custody remaining in appellee is not against the manifest weight of the evidence. Appellant's interest in her children was dormant for a long period of time and her contact with them since 1976 has consisted of only two ten-week summer visitation periods during 1981 and 1982. The record shows no financial support by her of the children even though her income exceeds that of appellant who has, together with his mother, provided

202

the total financial support for the children. The fact that appellant may have a more suitable house for the children or more money to spend on them falls far short of establishing that it is in the best interest of the children to be placed with her, given the history of the case.

Appellant's second assignment of error is overruled.

Appellant's assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE and REILLY, JJ., concur.

McCORMAC, P.J., WHITESIDE and REILLY, JJ., of the Tenth Appellate District, sitting by assignment in the Second Appellate District.