OPINION
On July 18, 1995, appellant, Janet Virgili, gave birth to a daughter. On December 22, 1995, appellant and appellee, Michael Virgili, were married. The parties were granted a dissolution on January 22, 1999. Pursuant to the dissolution decree, the parties entered into a shared parenting plan.
On February 23, 2000, appellant filed a motion to terminate appellee's parental rights and responsibilities as appellee was not the father of the child. Appellant sought genetic testing to establish paternity. By order filed March 13, 2000, a magistrate denied said motion. Appellant filed an objection which the trial court denied via judgment entry filed March 31, 2000.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows: I THE TRIAL COURT ERRED WHEN IT FAILED TO INVOKE ITS ABILITY TO REQUEST GENETIC TESTING TO CLARIFY THE PARENT/CHILD RELATIONSHIP.
 II THE TRIAL COURT ERRED WHEN IT FAILED TO CONSIDER THE RAMIFICATIONS OF CURRENT PENDING LEGISLATION THAT ALLOWS RELIEF FROM IMPROPER DETERMINATION FROM PARENTAGE THROUGH GENETIC TESTING THROUGH HOUSE BILL 242.
 III THE TRIAL COURT ERRED IN FAILING TO SET ASIDE THE SHARED PARENTING PLAN BECAUSE IT WAS SIGNED UNDER DURESS.
 I, II
Appellant claims the trial court erred in failing to permit genetic testing to determine parentage and in not following R.C. 3113.2111. We disagree.
The statute appellant asks us to apply became effective on October 20, 2000. Appellant's motion and the trial court's subsequent decision were filed prior to the enactment of the statute. Therefore, we find R.C.3113.2111 does not apply sub judice.
We are asked by appellant to expand the Supreme Court of Ohio's decision in Cuyahoga Support Enforcement Agency v. Guthrie (1999),84 Ohio St.3d 437, to permit courts to relitigate paternity even when paternity was not established pursuant to R.C. 3111.16. We are reminded by Justice Douglas in Guthrie at 441, quoting from Strack v. Pelton (1994),70 Ohio St.3d 172, 175, as to the necessity for finality:
 In Knapp v. Knapp (1986), 24 Ohio St.3d 141, 144-145, 24 OBR 362, 364, 493 N.E.2d 1353, 1356, this court declared, "[f]inality requires that there be some end to every lawsuit, thus producing certainty in the law and public confidence in the system's ability to resolve disputes. Perfection requires that every case be litigated until a perfect result is achieved. For obvious reasons, courts have typically placed finality above perfection in the hierarchy of values." Finality is particularly compelling in a case involving determinations of parentage, visitation and support of a minor child.
The acknowledgment of paternity in this case was made via the separation agreement wherein the parties stated "[h]usband and [w]ife acknowledge that one child has been born to the parties prior to their marriage, to wit: Maddison C. T. Virgili D.O.B. 07-18-95." This separation agreement was incorporated by reference into the January 22, 1999 dissolution decree and approved by the trial court:
 The Court finds that both Petitioners have been residents of the County of Ashland, and the State of Ohio, for at least six months immediately preceding the date of the filing of the Petition herein, and that the parties were married in Ashland, Ohio on December 22, 1995 and that one child had been born prior to said marriage, to wit: Maddison C. T. Virgili D.O.B. 07-18-95. The Court further finds that this matter is on for hearing more than 30 days after the filing of the petition, and that upon examination of the petitioners under oath, that each voluntarily entered into the Separation Agreement and Plan for Shared Parenting embodied in the Petition, and that each petitioner is satisfied with the terms of the Separation Agreement as set forth herein, and that each petitioner desires to have their marriage dissolved.
* * *
 The Court does hereby approve said Separation Agreement submitted by the petitioners, a copy of which is attached hereto, made a part hereof and marked Exhibit "A" as though fully rewritten herein.
This court has taken the position that a formal acknowledgment of paternity by both parties cannot be relitigated. In the Matter of: MelissaRomine, et al. v. Eric Tripp (September 29, 2000), Guernsey App. No. 00CA12, unreported; In the Matter of: Misty Shaffer, at al. v. JeremyRusnak (September 29, 2000), Guernsey App. No. 00CA02, unreported.[1]
Based upon the foregoing, we find the trial court did not err in denying appellant's motion.
Assignments of Error I and II are denied.
 III
Appellant claims the trial court erred in not terminating the parent/child relationship that was created while appellant was under duress. We disagree.
On or about December 14, 1998, appellant signed the shared parenting agreement acknowledging appellee was the father of the child. This shared parenting plan was approved and adopted by the trial court on January 22, 1999. Over one year later, on February 23, 2000, appellant filed her motion to terminate appellee's parental rights and responsibilities and her request for genetic testing. R.C. 5101.314 governs acknowledgment of paternity. Subsection (B)(2) states as follows:
 After an acknowledgment becomes final pursuant to this section or section 2151.232 or 3111.211 of the Revised Code, a man presumed to be the father of the child pursuant to section 3111.03 of the Revised Code who did not sign the acknowledgment, either person who signed the acknowledgment, or a guardian or legal custodian of the child may bring an action to rescind the acknowledgment on the basis of fraud, duress, or material mistake of fact. The court shall treat the action as an action to determine the existence or nonexistence of a parent and child relationship pursuant to sections 3111.01 to 3111.19 of the Revised Code. An action pursuant to division (B)(2) of this section shall be brought no later than one year after the acknowledgment becomes final. (Emphasis added.)
In addition, pursuant to Civ.R. 60(B), any relief should have been requested within one year.
Based upon the foregoing, we find the trial court did not err in not terminating the parent/child relationship.
Assignment of Error III is denied.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Ashland County, Ohio, Domestic Relations Division is affirmed.
By Farmer, J. and Wise, J. concur. Edwards, P.J. concurs separately.
[1] These decisions were made pre-amendment to R.C. 3113.2111 and applied only to motions made prior to October 20, 2000.