OPINION
{¶ 1} Appellant, Wesley A. Shinkle, appeals from the August 2, 2006 judgment entry of the Ashtabula County Court of Common Pleas, overruling his motion for relief from judgment. *Page 2 
 {¶ 2} On March 23, 2000, appellee Village of Rock Creek, Ohio ("Rock Creek") filed a complaint to abate nuisance and for permanent injunctive relief against appellant, in Case No. 2000 CV 204. In its complaint, appellee Rock Creek indicated the following: that it is a municipal corporation located within Ashtabula County, Ohio; appellant is a resident of the Village of Rock Creek; appellant is the owner in fee simple of the real property and premises commonly described as and located at 3252 and 3259 Main Street; that appellant is maintaining a public nuisance at, and upon, the foregoing parcels of real property by abandoning, discarding, or knowingly permitting to remain on the premises abandoned or discarded junk, trash, semi-airtight containers, offal, filth or noisome substances, junk motor vehicles for an extended period in excess of ten days, scrap metal, and abandoned equipment, as well as operating a junkyard without proper authority, permits, or permission and without erecting a fence at least six feet in height.
 {¶ 3} Also in its complaint, appellee Rock Creek alleged that on or about August 26, 1999, by and through its then mayor, Donald R. Slaby, appellant was notified in writing that action needed to be taken to eliminate the foregoing situations. Because appellant did not comply, appellee Rock Creek stated that on or about March 7, 2000, Mayor Gene Crislip served written notice on appellant to eliminate the situations and to abate the nuisances. Appellant again failed to comply.
 {¶ 4} Appellant filed an answer to appellee Rock Creek's complaint on May 26, 2000.
 {¶ 5} On August 3, 2001, appellee Ashtabula County, Board of Health for the General Health District ("Board of Health") and appellee David Smith, Chief Building Official, Ashtabula County Department of Building Regulations ("Smith"), filed a *Page 3 
complaint for abatement of nuisance and injunctive relief against appellant with regard to one of the two properties at issue in appellee Rock Creek's March 23, 2000 complaint, in Case No. 2001 CV 570.
 {¶ 6} On August 14, 2001, appellee Rock Creek along with appellees Board of Health and Smith filed a joint motion for consolidation pursuant to Civ.R. 42(A), requesting that the pending matters be consolidated upon a single docket because both actions involve common questions of law and fact. Pursuant to its September 6, 2001 judgment entry, the trial court granted appellees' motion to consolidate, and indicated that all future filings were to be made under Case No. 2000 CV 204.
 {¶ 7} A bench trial was held on October 31, 2001.
 {¶ 8} Pursuant to its November 30, 2001 judgment entry, the trial court indicated that the parties reached an agreement that appellant would complete cleanup and building repairs on or before February 1, 2002. The consent judgment was placed on the record and agreed to by all parties. The trial court determined that the agreement and its terms were fair and equitable.
 {¶ 9} On March 13, 2006, appellee Rock Creek notified appellant in writing that it was going to proceed with cleanup of the property at issue, on the purported authority of the November 30, 2001 judgment.
 {¶ 10} On March 24, 2006, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B)(4) and (5), and a motion to stay the November 30, 2001 judgment. Pursuant to its March 27, 2006 judgment entry, the trial court noted that the motion for relief from judgment seemed unpersuasive, but nonetheless granted a stay *Page 4 
because of the delay of enforcement by appellee Rock Creek, and to give appellant an opportunity to show compliance with the original consent judgment.
 {¶ 11} On April 13, 2006, appellee Rock Creek filed a brief in opposition to appellant's motion for relief from judgment.
 {¶ 12} A compliance hearing was held on June 28, 2006.
 {¶ 13} At that hearing, appellant testified that he tried to get a permit once a year since 2001, and three times during 2006, but was denied. He indicated that he filed Chapter 13 bankruptcy proceedings in 2000, and that he was "recently" discharged.
 {¶ 14} Allen Waggy, a builder, testified for appellees that appellant's property can be salvaged. He opined that it would cost $35,000 to rebuild the building and that it would take sixty days to complete it. He said that he was unable to obtain a building permit.
 {¶ 15} John Casalina, Administrator for appellee Rock Creek, testified for appellant that appellant complied with twelve out of fourteen violations.
 {¶ 16} Patricia Lynn Armstrong, appellant's former girlfriend, testified for appellant that she went with him on various occasions to get permits but none were ever issued because the building was tied up in bankruptcy.
 {¶ 17} Also, counsel for appellee Rock Creek indicated at the hearing that it was hesitant and reticent to enforce the action before it finally did in March of 2006, because the federal court had jurisdiction of the property. Once that jurisdiction was lifted, appellee Rock Creek immediately took action.
 {¶ 18} Pursuant to its August 2, 2006 judgment entry, the trial court overruled appellant's motion for relief from judgment, vacated its March 27, 2006 stay of *Page 5 
judgment, and indicated the following: that appellant shall remove the remaining rock pile and the trailer he does not own; he shall either repair the building located on the property at 3252 Main Street, or shall raze it and properly dispose of all materials; he shall achieve full and complete compliance by November 15, 2006; all other provisions of the November 30, 2001 consent judgment that are not inconsistent with the foregoing order shall remain in full force and effect; if appellant has not achieved full and complete compliance by November 15, 2006, appellee Rock Creek shall begin, no later than December 15, 2006, to proceed in accordance with the consent judgment; there would be no extension of the deadline date, and partial or even substantial compliance would not circumvent appropriate enforcement action by appellee Rock Creek; and in the event that appellant does not comply, the failure of appellee Rock Creek to begin to proceed with enforcement action by December 15, 2006, would be deemed to be a waiver of any objection to any existing conditions on appellant's property. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignments of error:[1] *Page 6 
 {¶ 19} "[1.] The trial court erred to the substantial prejudice of appellant when it overruled his Civ.R. 60(B) [motion] which ruling is not consistent with the trial court's own findings set forth in its judgment of August 2, 2006[.]
 {¶ 20} "[2.] The trial court it erred and abused its discretion when it gave an extension of compliance time only to November 15, 2006 while simultaneously acknowledging that changes in circumstances had occurred because new health, building and other regulations apply to this building improvement project at this time[.]"
 {¶ 21} In his first assignment of error, appellant argues that the trial court erred by overruling his Civ.R. 60(B) motion because it is inconsistent with the trial court's own findings set forth in its August 2, 2006 judgment entry.
 {¶ 22} The decision to grant or deny a motion for relief from judgment is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75, 77. An abuse of discretion connotes more than a mere error of law or judgment; rather, it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 23} Civ.R. 60(B) provides:
 {¶ 24} "* * * the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment *Page 7 
has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."
 {¶ 25} In GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146, paragraph two of the syllabus, the Supreme Court of Ohio held: "[t]o prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 26} In the case at bar, appellant's Civ.R. 60(B) motion was filed more than four years after the consent judgment was entered. Appellant apparently filed the motion after receiving notice from appellees of their intent to enforce the original judgment. The trial court held an evidentiary hearing, giving the parties the opportunity to present any evidence in support of their case. After the hearing, the trial court determined, inter alia, that the Civ.R. 60(B) motion was not made within a reasonable time, particularly since this was a consent judgment.
 {¶ 27} We note that appellant filed his Civ.R. 60(B) motion pursuant to (B)(4) and (5). Civ.R. 60(B)(4) provides relief "to those who have been prospectively subjected to circumstances which they had no opportunity to foresee or control." Knapp v. Knapp (1986),24 Ohio St.3d 141, paragraph one of the syllabus. Here, according to the *Page 8 
November 30, 2001 judgment entry, appellant agreed to complete cleanup and building repairs on or before February 1, 2002. Although the record indicates that appellant has made diligent efforts to comply with the 2001 consent judgment, he has not satisfied all of the provisions. Also, appellees failed to comply with the consent judgment and waited more than four years to follow up on this enforcement action. However, appellees' failure to act does not excuse or relieve appellant from completing his duty to comply with the consent judgment. See Ohio ValleyMall Co. v. Jenkins (Mar. 28, 2002), 7th Dist. No. 00-C.A.-130, 2002 Ohio App. LEXIS 7309, at 16.
 {¶ 28} Civ.R. 60(B)(5), the "catch-all" provision, is to be invoked in "an extraordinary and unusual case when the interests of justice (warrants) it." Adomeit v. Baltimore (1974), 39 Ohio App.2d 97, 105. In the present case, such extraordinary circumstances do not exist. Appellant's main argument is that it is no longer equitable to require compliance with the judgment in this case. However, appellant has not really stated any factual grounds for relief and his equitable arguments are not persuasive. In essence, appellant has not stated a defense to the claim, but rather reasons why he should no longer be required to comply with the 2001 consent judgment.
 {¶ 29} The trial court did not abuse its discretion in denying appellant's motion for relief from judgment. Appellant failed to set forth a meritorious claim and did not demonstrate a right to relief under Civ.R. 60(B).
 {¶ 30} Appellant's first assignment of error is without merit.
 {¶ 31} In his second assignment of error, appellant contends that the trial court abused its discretion when it gave an extension of compliance time only until November 15, 2006, while simultaneously acknowledging that changes in circumstances had *Page 9 
occurred. Appellant stresses that appellees deprived him of needed building permits, waited more than four years before taking enforcement action, and that since the 2001 consent judgment, new building, health, and other regulations became in force.
 {¶ 32} In the instant matter, the trial court indicated that both parties failed to follow through with their own agreed judgment which exacerbated the situation. Thus, the trial court stated in its August 2, 2006 judgment entry that in fairness to appellant, the 2001 consent judgment would be modified to allow him a reasonable opportunity to comply. The trial court gave appellant until November 15, 2006 to comply. In view of the changed circumstances, the trial court held that appellant would be required to repair the building in accordance with current building, zoning, and health department regulations. This court cannot say that the trial court abused its discretion by giving appellant more than three months to comply with its judgment. Again, we stress that appellant was on notice since the 2001 consent judgment to make the needed repairs.
 {¶ 33} Also, due to its "disturbance" with the parties, the trial court indicated in its judgment entry that in the event that appellant fails to comply with the judgment, appellees must proceed with enforcement action by December 15, 2006. If not, the trial court will deem that appellees waived any objection to any existing conditions on appellant's property.
 {¶ 34} Appellant's second assignment of error is without merit.
 {¶ 35} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Ashtabula County Court of Common Pleas is affirmed.
CYNTHIA WESTCOTT RICE, P.J., MARY JANE TRAPP, J., concur.
[1] On August 31, 2006, appellant filed a motion for stay with the trial court. Appellee Rock Creek filed a brief in opposition on September 11, 2006. Pursuant to its September 21, 2006 judgment entry, the trial court granted appellant's motion for stay, pending appeal, and set bond at $10,000. On November 8, 2006, appellant filed a motion with this court to stay the August 2, 2006 judgment and order of the trial court, contending that it was improper to condition the effectiveness of the stay upon the posting of a $10,000 supersedeas bond. Pursuant to our November 13, 2006 judgment entry, this court ordered that the execution of the trial court's August 2, 2006 judgment was temporarily stayed. This court indicated that appellant would not be required to take steps to complete the repairs on the disputed building by November 15, 2006; that appellees should not take any steps to demolish the building regardless of whether appellant had posted the required supersedeas bond by that date; and that the temporary stay order superseded the provisions of the trial court's stay order, and should remain in effect until further order. Appellant filed a supplemental brief in support of his motion for stay with this court on November 20, 2006. Appellees filed a brief in opposition on that same date. Pursuant to our December 29, 2006 judgment entry, this court dissolved our temporary stay order. This court indicated that appellant did not prove that the trial court abused its discretion in conditioning the effectiveness of its stay order upon the posting of a $10,000 supersedeas bond. Accordingly, this court stated that appellant was not entitled to have the bond requirement modified, thus, we overruled his motion for the issuance of a new stay order. We indicated that appellant would have until January 24, 2007, to either complete the ordered repairs or post the supersedeas bond as required by the trial court in its stay order. Appellant filed a motion for reconsideration on January 24, 2007, which was overruled by this court on April 3, 2007. *Page 1