[Cite as *Wells Fargo Bank, N.A. v. Neal*, 2011-Ohio-3952.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| | JUDGES: |
| WELLS FARGO BANK, N.A. | Hon. William B. Hoffman, P. J. |
| | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| -vs- | Case Nos. 11CA16, 11CA17, 11CA19 |
| BRUCE NEAL, ET AL. | |
| Defendants-Appellants | O P I N I O N |


CHARACTER OF PROCEEDING:      Civil Appeal from the Court of Common
Pleas, Case No. 09 CV 1283


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      August 5, 2011


APPEARANCES:

For Plaintiff-Appellee      For Defendants-Appellants

JASON A. WHITACRE      TROY J. DOUCET
LAURA C. INFANTE      4200 Regent Street
KATHRYN M. EYSTER      Suite 200
LAW OFFICES OF JOHN D. CLUNK      Columbus, Ohio 43219
4500 Courthouse Boulevard, Suite 400
Stow, Ohio 44224

*Wise, J.*

{¶1} Defendants-Appellants Bruce Neal and Susan Neal (Duncan) appeal from three judgment entries addressing denial of relief from judgment in a foreclosure action in the Court of Common Pleas, Fairfield County, brought by Plaintiff-Appellee Wells Fargo Bank, N.A., Successor by Merger to Wells Fargo Bank Minnesota, N.A., as Trustee f/k/a Norwest Bank Minnesota, N.A., as Trustee for the Registered Holders of Renaissance Home Equity Loan Asset-Backed Certificates, Series 2003-3. The relevant facts leading to this appeal are as follows.

{¶2} The subject property of this case is appellants' residence at 523 Spring Street in Lancaster, Ohio. In September 2003, appellants executed a note and mortgage with Fidelity Mortgage, Inc. for a principal amount of $102,600.00, to be paid initially in the amount of $858.23 per month.

{¶3} Appellants subsequently experienced difficulty making the payments, leading to a foreclosure action filed on October 1, 2009 by Appellee Wells Fargo, assignee of the note and mortgage. Appellants were duly served with the complaint on October 6, 2009. Appellee filed a motion for default judgment on December 21, 2009, alleging a default in answer by appellants. On December 22, 2009, the trial court issued a default judgment and decree in foreclosure.

{¶4} The property at issue was scheduled to go to a sheriff's sale in February 2010. However, on February 9, 2010, the trial court issued an order withdrawing the sale, indicating that the parties were seeking alternatives to resolving the matter. Nonetheless, on November 12, 2010, a sheriff's sale was conducted, and the property at issue was sold to appellee.

{¶5} On December 6, 2010, appellants filed a motion for relief from the foreclosure, citing Civ.R. 60(B)(4) and (5). Appellee filed a brief in opposition on January 20, 2011.

{¶6} On February 7, 2011, the trial court denied appellants' motion for relief from judgment. Appellants filed a motion for reconsideration on the same day. On March 8, 2011, appellants filed a notice of appeal of the aforesaid February 7, 2011 judgment entry.

{¶7} On March 15, 2011 and March 17, 2011, the trial court issued nunc pro tunc entries to correct typographical errors. Appellants filed notices of appeal therefrom as well.

{¶8} The three notices of appeal have each been assigned a separate appellate case number, which have now been consolidated in the within appeal. Appellants now raise the following sole Assignment of Error:

{¶9} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING THE DEFENDANT-APPELLANTS' MOTION FOR RELIEF FROM JUDGMENT UNDER OHIO RULE OF CIVIL PROCEDURE 60(B)(4)."

I.

{¶10} In their sole Assignment of Error, appellants contend the trial court erred in denying their motion for relief from the default foreclosure judgment under Civ.R. 60(B)(4). We disagree.

{¶11} Civ.R. 60(B) states in pertinent part as follows:

{¶12} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following

reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *."

{¶13} Civ.R. 60(B) represents an attempt to strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done. *Colley v. Bazell* (1980), 64 Ohio St.2d 243, 248, 416 N.E.2d 605 (citation omitted). A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court and a ruling will not be disturbed absent an abuse of discretion. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶14} Specifically, "Civ.R. 60(B)(4) relates to situations in which a judgment with prospective effect becomes inequitable. Relief under that provision is afforded to those individuals who are subjected to circumstances which could not be foreseen or

controlled." *Yearwood v. Yearwood*, Montgomery App.No. 16352, 1997 WL 797717, citing *Knapp v. Knapp* (1986), 24 Ohio St.3d 141, 493 N.E.2d 1353.

{¶15} In their affidavit in support of a Civ.R. 60(B) vacation of the default foreclosure in this matter, appellants provided Bruce's affidavit averring that they had "been actively working with Wells Fargo's servicing company, Ocwen, to save [their] home." Bruce Neal Affidavit at para. 3. Appellants attached to their motion a copy of a letter from Ocwen Loan Servicing, LLC, indicating a temporary agreement had been reached, although appellants did not save the temporary agreement itself. Under the agreement, appellants apparently would pay the modified sum of $482.43 per month for a three-month trial period. See Appellants' Exhibit A. The letter also states as follows regarding a permanent loan modification: "Once you make all of your trial period payments on time, we will send you a modification agreement detailing the terms of the modified loan. ***." Id. Nonetheless, the letter includes a caveat that "[d]uring the trial period, we may accept and post your trial period payments to your account and it will not affect foreclosure proceedings that have already been started." Id.

{¶16} It appears appellants duly paid the $482.43 sums via cashier's checks on April 8, April 28, and May 25, 2010. See Appellants' Exhibit B. Appellants also made a fourth temporarily modified $482.43 payment via automated clearing (ACH) on Jul 2, 2010. However, Ocwen refused to accept an August 2010 attempted payment. See Appellants' Exhibit C. There is no evidence that Ocwen ever followed up on a permanent modification; Ocwen instead sent a letter to appellants on or about August 17, 2010 demanding an immediate amount due of $25,951.03. See Appellants' Exhibit

D. Appellants thereafter sought assistance from a Pennsylvania company, GMK Solutions, which was unable to modify the loan at issue. See Appellants' Exhibit E.

{¶17}  While this Court is somewhat troubled by Ocwen's treatment of appellants in the case sub judice as they sought a permanent loan modification, we remain mindful that this attempted modification process was occurring months after Appellee Wells Fargo had obtained a valid foreclosure in the common pleas court, the complaint for which appellants had chosen to ignore. While appellants most likely counted on Ocwen to work with them for a permanent modification, the decision to pursue that avenue post-foreclosure was something within appellants' control, thus removing the matter from the applicability of Civ.R. 60(B)(4). See *Knapp*, supra. Under these circumstances, we are unable to classify the trial court's denial of 60(B)(4) relief as unreasonable, arbitrary, or unconscionable.

{¶18}  Appellants' sole Assignment of Error is overruled.

{¶19}  For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is affirmed.

By: Wise, J.

Farmer, J., concurs.

Hoffman, P. J., dissents.

_____

_____

_____

JUDGES

JWW/d 0722

*Hoffman, P.J., dissenting*

{¶20}  I respectfully dissent from the majority opinion.

{¶21}  I find it significant, if not determinative, Ocwen received and accepted Appellants' fourth payment under the modification plan after Appellants had successfully completed the three month trial period.[1]

{¶22}  Having successfully completed the trial period and, therefore, qualifying for the permanent loan modification as evidenced by Exhibit B, I find the underlying foreclosure action had been essentially satisfied by novation and it would be inequitable for the foreclosure to have prospective application.

{¶23}  While Appellants had control over the decision to enter the trial period and make the three modified payments required, they did not foresee nor could they control Appellee's refusal to honor the loan modification.  Under these circumstances, I find it no longer equitable to give prospective application to the original order of foreclosure.

_____
HON. WILLIAM B. HOFFMAN

---

[1] The "caveat" in the letter noted in the majority opinion only applies to payments accepted during the trial period, not after the fourth payment accepted in July.

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A. | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| BRUCE NEAL, et al. | : | |
| | : | |
| Defendants-Appellants | : | Case Nos. 11CA16, 11CA17, 11CA19 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.

Costs are to be assessed to appellants.

_____

_____

_____

JUDGES