[Cite as *Harper v. Harper*, 2011-Ohio-5276.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 96454

# SUSAN M. HARPER

PLAINTIFF-APPELLEE

vs.

# DAVID W. HARPER

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Common Pleas Court
Domestic Relations Court
Case No. CP D-325503

**BEFORE:** E. Gallagher, J., S. Gallagher, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** October 13, 2011

**ATTORNEY FOR APPELLANT**

Andrew J. Simon
Freedom Square II, Suite 380
6000 Freedom Square Drive
Independence, Ohio   44131


**ATTORNEYS FOR APPELLEE**

Margaret E. Stanard
Cheryl Wiltshire
Stanard & Corsi, Co., L.P.A.
1370 Ontario Street
Suite 748
Cleveland, Ohio   44113



EILEEN A. GALLAGHER, J.:

**{¶ 1}** Appellant David W. Harper appeals from an order of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, denying his motion for relief from judgment under Civ.R. 60(B)(4).   For the following reasons we affirm.

**{¶ 2}** On March 19, 2009, appellee Susan M. Harper filed a complaint for divorce, which appellant answered and asserted a counterclaim.   The case proceeded to trial on January 11, 2010.   After four days of testimony, the parties reached an agreement resolving the parties' dispute and disposing of all pending issues.   The agreement was reduced to writing in the form of a separation agreement.   The trial court

noted that each party had reviewed the agreement independently, and with counsel, and that each party understood the terms contained within the agreement. The separation agreement explicitly stated that the parties' agreement as to spousal support "shall not be modifiable by a Court of competent jurisdiction except to the extent necessary to effectuate the parties' intentions by issuance of wage orders, bank attachments, etc. * * *." In regards to the entire separation agreement, clause 12 provides that, "[e]xcept as otherwise expressly provided herein, this Agreement shall not be altered or modified, unless it be done in writing and signed by both parties." The trial court found the terms of the separation agreement to be fair, just, and equitable and incorporated the agreement into its February 17, 2010 judgment entry of divorce.

{¶ 3} Ten months later, appellant filed a Civ.R. 60(B) motion for relief from the judgment seeking an order from the trial court vacating the separation agreement. Appellant's attached affidavit explained that his sole source of income was his business, Harper Engineering, Inc., and that the financial institution from which the business derives its line of credit recently indicated that, absent a "drastic improvement," the business's line of credit would not be renewed. Appellant averred that his efforts to seek an alternative line of credit were unsuccessful. Appellant stated that, "without a line of credit from which to operate, I am concerned and afraid that Harper Engineering, Inc. will soon become not viable." Appellant concluded that he would not be able to pay his spousal support obligations and property division payments. Based on these

circumstances, appellant argued that the prospective application of the separation agreement was no longer equitable.

{¶ 4} On January 27, 2011, the trial court denied appellant's Civ.R. 60(B) motion, citing the Ohio Supreme Court's decision in *Knapp v. Knapp* (1986), 24 Ohio St.3d 141, 493 N.E.2d 1353, and this court's holding in *Pumper v. Pumper*, Cuyahoga App. No. 93916, 2010-Ohio-4131. Appellant brought the present appeal asserting that the trial court erred in denying his Civ.R. 60(B)(4) motion and further erred by ruling on the motion without holding an evidentiary hearing.

{¶ 5} We begin our analysis by noting that the General Assembly has limited the jurisdiction of the courts to modify spousal support payments, which were agreed to pursuant to a separation agreement, that is incorporated into a divorce decree. This Court has previously stated that, "[t]he appropriate remedy, when there is a change in a party's circumstances after a divorce decree, is to file a motion to modify under R.C. 3105.18(E)." *Hirsh v. Hirsh* (Nov. 22, 1995), Cuyahoga App. No. 67977, at 4. "R.C. 3105.18 governs a trial court's authority to terminate or modify a spousal support order. In order for a trial court to modify the amount or terms of spousal support, the court must have jurisdiction to make the modification as provided in R.C. 3105.18(E)." *Calabrese v. Calabrese*, Cuyahoga App. No. 88520, 2007-Ohio-2760, at ¶19. R.C. 3105.18(E) provides in pertinent part:

"(E) If a continuing order for periodic payments of money as alimony is entered in

a divorce or dissolution of marriage action that is determined on or after May 2, 1986, and before January 1, 1991, or if a continuing order for periodic payments of money as spousal support is entered in a divorce or dissolution of marriage action that is determined on or after January 1, 1991, the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies:

In the case of a divorce, the decree or a separation agreement of the parties to the divorce that is incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support."

{¶ 6} In the case sub judice, the parties failed to provide the court with continuing jurisdiction to modify the terms of the agreed-upon spousal support. In fact, the term the parties agreed upon removed any confusion from the matter, specifically providing that the spousal support terms are not modifiable by the trial court. As appellant is precluded from seeking a modification of the spousal support due to the specific language of the agreement and the trial court's lack of jurisdiction, we examine whether appellant can circumvent this limitation by way of a Rule 60(B) motion for relief from judgment.

{¶ 7} To prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must submit operative facts demonstrating that (1) the motion is timely made; (2) the party is entitled to relief under Civ.R. 60(B)(1)-(5); and (3) the party has a meritorious claim or defense. See *GTE Auto. Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 351 N.E.2d 113. The trial court has discretion in determining whether the

motion will be granted, and in the absence of a clear showing of abuse of discretion, the decision of the trial court will not be reversed. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564.

**{¶ 8}** Appellant argues that, due to his changed financial circumstances, he is entitled to relief from judgment under Civ.R. 60(B)(4). The rule provides, "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (4) * * * it is no longer equitable that the judgment should have prospective application."

**{¶ 9}** In *Knapp v. Knapp*, 24 Ohio St.3d 141, 493 N.E.2d 1353, the Ohio Supreme Court held that the "* * * it is no longer equitable * * *" clause of Civ.R. 60(B)(4) will not relieve a litigant from the consequences of his voluntary, deliberate choice to enter into a separation agreement in a dissolution of marriage proceeding. Id. at syllabus. In *Knapp*, the former husband's financial condition had diminished and he was unable to afford the alimony payments upon which the parties had agreed. As in the present case, the former husband in *Knapp* was precluded from seeking a court modification of his agreed upon alimony due to a non-modification provision in the parties' agreement and the General Assembly's restriction on the courts' jurisdiction to modify such agreements. Despite this impediment, the former husband argued that under Civ.R. 60(B)(4), it was no longer equitable to give the alimony provision of the settlement agreement prospective enforcement. The Ohio Supreme Court rejected his

argument, stating, "It would be inequitable not to give the alimony provision prospective enforcement. It is abundantly clear from the record that [the former husband] made a voluntary, deliberate choice to enter into the settlement agreement. * * * It would be unfair to relieve either party from the consequences of these choices simply because hindsight indicates they may not have been wise choices." Id. at 145. The Ohio Supreme Court concluded that the former husband had an opportunity to control the terms of the agreement and that in light of the General Assembly's limitation of the jurisdiction of the courts to modify periodic alimony payments, Civ.R. 60(B)(4) relief was unavailable to circumvent the restriction. Id. at 146.

{¶ 10} In *Lefevre v. Lefevre* (Jan. 25, 1990), Cuyahoga App. No. 56470, this Court found that the holding in *Knapp*, curtailing the use of Civ.R. 60(B)(4) to relieve a party from the consequences of his voluntary, deliberate choice to enter into a separation agreement, extended to divorces as well as dissolutions. Id. at 4. We stated that, "[t]he fact that the case herein involves a divorce proceeding as opposed to a dissolution as in *Knapp* is immaterial since the Separation Agreement incorporated into the divorce decree was voluntarily entered into between the parties as was the separation agreement in *Knapp*." Id. at 4; see, also, *Williams v. Williams* (Feb. 28, 1991), Cuyahoga App. No. 60118, (Entitlement to relief pursuant to Civ.R. 60(B)(4) cannot be established where the movant seeks to be relieved of the consequences of his voluntary, deliberate choice to enter into a separation agreement.)

{¶ 11} We reiterated this holding in *Pumper v. Pumper*, Cuyahoga App. No. 93916, 2010-Ohio-4131. Citing *Knapp*, we noted that, "when a party voluntarily enters into a separation agreement, the party is bound by the terms of that agreement, even if the party's financial circumstances change." Id. at ¶15. "Indeed, a change in a person's financial situation is always a possibility; therefore, 'it is considered a foreseeable event for purposes of Civ.R. 60(B)(4) even if there was no immediate reason to believe the change was about to occur when the judgment was issued.'" Id., quoting *Barnes v. Barnes*, 5th Dist. No. 2003CA00383, 2005-Ohio-544. Consistent with *Knapp* and *Lefevre*, we concluded that, "a party cannot rely on Civ.R. 60(B)(4) to vacate a settlement agreement due to a change in finances when the party should have considered such a change in negotiating the settlement." Id. at ¶20.

{¶ 12} As R.C. 3105.18(E) recognizes, the parties to a separation agreement are free to include within the agreement provisions allowing for the trial court to alter the spousal support terms upon a change in circumstances. As changes in a party's financial circumstances are foreseeable, we noted in *Pumper* that the parties "should have considered this point in negotiating the terms of the separation agreement. The fact that the [former husband] failed to ensure that the agreement covered this possibility is not a valid reason for concluding that it would be inequitable to continue to enforce the provisions of the agreement." Id. at ¶17, quoting *Barnes v. Barnes*, 5th Dist. No. 2003CA00383, 2005-Ohio-544.

{¶ 13} In the present case, appellant was in the best position to evaluate the potential risks to his income and financial stability. The parties were free to negotiate what conditions and changes in circumstances would allow the trial court to modify their separation agreement. Instead of providing for modification under such circumstances, the parties specifically agreed that the agreement would **not** be modifiable. Appellant cannot now rely upon Civ.R. 60(B)(4) to vacate his voluntary, deliberate choice to enter into a separation agreement specifically barring court modification simply because hindsight reveals he may not have made a wise choice.

{¶ 14} Under the present circumstances, the trial court did not abuse its discretion in refusing to vacate the terms of appellant's separation agreement under Civ.R. 60(B)(4). Appellant's first assignment of error is overruled.

{¶ 15} In his second assignment of error appellant argues that the trial court erred in denying his Civ.R. 60(B) motion without holding an evidentiary hearing. We rejected this argument in *Pumper*. As appellant cannot rely upon Civ.R. 60(B) for relief in the present instance, the trial court was not required to hold a hearing prior to denying his motion. See *Pumper*, at ¶22 (holding that an evidentiary hearing was not required "when the motion and attached evidentiary material do not contain allegations of operative facts that would warrant relief under Civ.R. 60(B)").

{¶ 16} Appellant's second assignment of error is overruled.

{¶ 17} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

SEAN C. GALLAGHER, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR